Haliki Green Jr., c/o: CDCR# BH4322
<u>Name and Prisoner Booking Number</u>

SATF and STATE PRISON-Corcoran
<u>Place of Confinement</u>

900 Quebec Ave.;PO BOX# 7100; SATF-D2/#216
<u>Mailing Address</u>

Corcoran, California 93212
<u>City State Zip Code</u>

(Failure to notify the Court of your change of address may result in dismissal of this action.)

**FILED**

**Aug 25, 2022**

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

Haliki Green Jr.,(#BH4322);
Joe Alfred Taylor-El III,(#BK2129); ET AL.,
<u>Full Name of Plaintiff</u>

    **Plaintiffs,**

        v.

(1) THERESA CISNEROS,WARDEN;
<u>Full Name of Defendant</u>

(2) RICKY DELA CRUZ,FORMER CRM;

(3) S. SMITH,CHIEF DEPUTY WARDEN:

(4) ET AL.

✓   **Defendants.**
Check if there are additional Defendants and attach page 1-A listing them.

CASE NO. **1:22-cv-01072 HBK (PC)**

(To be supplied by the Clerk)

CIVIL RIGHTS COMPLAINT
BY A PRISONER
**\*JURY TRIAL DEMANDED\***

☒ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint

## A. JURISDICTION

1.  This Court has jurisdiction over this action pursuant to:

    ☒ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983

    ☐ 28 U.S.C. § 1331; Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).

    ☒ Other: **Federal Question Jurisdiction purusant to 28 U.S.C.§§1331, 1343;and Supplemental Jurisdiction pursuant to 28 U.S.C.§1367.**

2.  Institution/city where violation occurred: **CALIFORNIA SUBSTANCE ABUSE TREATMENT FACILITY AND STATE PRISON**.

- 1 -

Revised 3-15-2016

## B. DEFENDANTS

1. Name of first Defendant: **Theresa Cisneros** . The first Defendant is employed as:
   **WARDEN-Chief Executive Officer** at **CSATF/SP**
   Sued in her individual & official capacity.

2. Name of second Defendant: **Ricky Dela Cruz** . The second Defendant is employed as:
   **Community Resource Manager (Former)** at **CSATF/SP**
   Sued in his individual capacity, only.

3. Name of third Defendant: **S. Smith** . The third Defendant is employed as:
   **Chief Deputy Warden** at **CSATF/SP**
   Sued in individual & official capacity.

4. Name of fourth Defendant: **(See Page 3 for additional Defendants)** The fourth Defendant is employed as:
   at

If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.

## C. PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while you were a prisoner?  ☐ Yes  ☒ No

2. If yes, how many lawsuits have you filed? _____. Describe the previous lawsuits:

   a. First prior lawsuit:
      1. Parties: _____ v. _____
      2. Court and case number: _____
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?)_____
      _____

   b. Second prior lawsuit:
      1. Parties: _____ v. _____
      2. Court and case number: _____
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?)_____
      _____

   c. Third prior lawsuit:
      1. Parties: _____ v. _____
      2. Court and case number: _____
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?)_____
      _____

If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.

- 2 -

CIVIL RIGHTS COMPLAINT BY A PRISONER

## B. DEFENDANTS (Continued)

4. Name of Fourth Defendant: Kathleen Allison. The Fourth Defendant is employed as: SECRETARY OF CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABIL--ITATION at CDCR-HEADQUARTERS over CSATF/SP. Sued in individual & official capacity.

5. Name of Fifth Defendant: Charles Richey. The fifth Defendant is employed as: COMMUNITY RESOURCE MANAGER of RELIGIOUS OVERSIGHT UNIT at CDCR-HEADQUARTERS over CSATF/SP. Sued in individual & official capacity.

6. Name of Sixth Defendant: Howard E. Moseley. The Sixth Defendant is employed as: DIRECTOR/CHIEF OF APPEALS at CDCR-OFFICE OF APPEALS over CSATF/SP. Sued in individual and official capacity.

7. Name of Seventh Defendant: M. Stonestreet. The Seventh Defendant is employed as: SERGEANT for SATF-OOG Log#212442 at CSATF/SP. Sued in his individual capacity, only.

//
//
//
//
//
//
//
//
//
//
//
//
//

- 3 -

CIVIL RIGHTS COMPLAINT BY A PRISONER

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
## AND FOR DAMAGES

Plaintiffs **HALIKI GREEN, JR.** and **JOE ALFRED TAYLOR-EL, III** (collectively "Plaintiffs"), in propia persona, file this complaint for declaratory and injunctive relief and for damages. This complaint is filed pursuant to 42 U.S.C.§1983, alleges violations of the First and Fourteenth Amendments to the United States Constitution, the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C.§2000cc et seq., and California Constitution Article I§4.. Plaintiffs state as follows:

### C. NATURE OF THIS COMPLAINT

1. This action challenges California Department of Correct-ions and Rehabilitation's multi-pronged and systemic effort to disfavor Muslim prisoners and their spiritual needs over those of prisoners of other faiths.

2. Defendants have imposed policies and procedures that either completely deny Muslim prisoners access to most, if not all, religious accommodations, services, programming and materi-als that are available to prisoners of other faiths, restrict their access, or require them to jump through hoops to obtain them.

3. Defendants' policies and procedures substantially burden Plaintiffs' religious exercise, discriminate against Plaintiffs on the basis of religious denomination, and treat Plaintiffs on less than equal terms with other religious and non-religious similarly situated persons.

4. Defendants have not identified a compelling government interest for either failing to provide or placing onerous hurd-les upon Muslim prisoners before they could be provided with

- 4 -

CIVIL RIGHTS COMPLAINT BY A PRISONER

access to religious accomodations, services, programming and materials while simultaneously dedicating space, time and resources to ensure the same religious needs of other prisoners are met.

5. Nor have Defendants identified a compelling government interest for unlawfully impos- -ing policies and procedures that substantially burden the rights of Plaintiffs to the free exercise of religion by means that are not the least restrictive means available to correction- -al facilities to protect their asserted government interests.

6. These actions are not the result of ignorance or ineptitude but a part of the Defend- -ants' deliberate plan to prefer other faiths over Islam. Indeed, Defendants have created a systemic preference against Islam and their Muslim prisoners and all Islamic sects.

## Plaintiffs

7. Plaintiff Haliki Green, Jr., is an individual, a natural person; a Muslim and a Prison- -er at California Department of Corrections and Rehabilitation (hereon CDCR) California Subst- -ance Abuse Treatment Facility and State Prison (hereon SATF) under the care of CDCR# H4322. He was at all times relevant considered a "person confined to an institution" as the term is defined in 42 U.S.C.§2000cc et seq.

8. Plaintiff Joe Alfred Taylor-El, III, is an individual, a natural person, a Moorish- American Moslem (Muslim) and a Prisoner at CDCR-SATF under the care of CDCR# H2129. He was at all times relevant considered a "person confined to an institution" as the term is defined in 42 U.S.C.§2000cc et seq.

## CDCR Religious Policies and Practices that Disfavor
## and Discriminate Against Muslim Prisoners
### Denying Muslim Prisoners Access to Friday Religious Services

9. Plaintiffs have sincerely held religious beliefs which require the observance of an end-of-the-week holy day through congregational prayer and spirituality (known in Christianity and Judaism as the Sabbath), whereby all Muslims are commanded to observe Fridays through the observation of the Jumu'ah[1] Prayer Service. Jumu'ah is mandatory every Friday.

CIVIL RIGHTS COMPLAINT BY A PRISONER

10. On 1/10/2022 Plaintiff Green submitted a CDCR 602-1 grievance in re. to " DEPRIVATION OF RELIGIOUS RIGHTS " where he gave specific notice of cause of action and made voluminous requests for administrative remedy and relief.

11. On 1/19/2022 SATF-OFFICE OF OFFENDER GRIEVANCE (hereon SATF-OOG) accepted Plaintiff Green's administrative complaint for filing, assigning to it Log# 212442, attached hereto as **EXHIBIT# 1**.

12. Plaintiff Green made/stated sworn facts sufficient for this cause of action in his administrative grievance by stating:

" NOTICE IS HEREBY GIVEN to Theresa Cisneros,WARDEN; et al., Claimant is suffering from the adverse effects of the decision of the above official(s), on or about 12/22/2021, authorizing SATF-D Staff and Administrators (Medical and Custody) to move and conduct medical services (Pill Call, etc.) from SATF-D-GYM to SATF-D-CHAPEL (DOM§101060.8 'Location and Use of Chapel'). This specific act eliminates the established 'place of worship' in violation/breach of clearly established law, rules, policy, procedure and regulations; and duties of State Officials, under color of State Law/Office/Authority. (Cause of Action). Specifically, this act accommodates medical and custody personnel at the direct expense/adverse expense of Claimant's guaranteed and Protected Religious Rights and Liberties; and stipulated in 15 CCR§§3210-3213 et seq. and CDCR's DOM §101060 et seq.(Citation). More specifically, an essential mandate in Claimant's Islamic Faith is the Jumu'ah Prayer (Federally Recognized) which is fardz (obligatory) as offered in Congregational Prayer (Holy Qur'an 62:1-11 'Friday(Al-Jumu'ah)) This CDCR 602-1 is Claimant's formal notice and request for Administrative/Judicial remedy and relief. Clai--mant does believe CDCR, as an Executive Branch Agency/Department subject to it's charter, has injured Claimant and can furnish the available administrative remedies and relief, **without the aid of court.** It is the expressed policy (DOM§101060.1) of CDCR to, **'....make a reasonable effort to provide for the Religious and Spirit--ual welfare of ALL interested inmates.'** "

These facts are realleged and incorporated by reference hereby.

13. Plaintiff Green cited the appropriate administrative governing authority[2] to have relief provided in the first instance.

---

[1] Jumu'ah services are mandated congregational prayer, followed by a sermon called a Khutbah, performed by Muslims on Friday just after noon. Jumu'ah is a religious mandate in accordance with the Holy Qur'an 62:1-11 (Specific mandate for Day of Assembly for all Muslims).

[2] 15 CCR§3210-3213 et seq.; CDCR Departmental Operations Manual (DOM) Section 101060 et seq "Religious Programs".

- 6 -

CIVIL RIGHTS COMPLAINT BY A PRISONER

14. On 2/5/2022, with direct input and investigation from Defendant Stonestreet, a denial of CDCR 602-1 was provided to Plaintiff Green as signed by Defendant Smith. The OFFICE OF GRIE-VANCE DECISION is attached hereto as EXHIBIT# 2.

15. On 2/14/2022, Plaintiff submitted an administrative appeal on CDCR 602-2 for the first level denial of his religious rights. Plaintiff submitted written objections as response fail-ed to address his claims. Plaintiff incorporated and referenced his original claims to the CDCR-OFFICE OF APPEALS. The appeal is attached hereto as EXHIBIT# 3.

16. On 6/23/2022, Defendant Moseley conceded to the facts alleged in Plaintiff Green's grievance and appeal by accepting the appeal for filing on 2/23/2022 and allowing (4) four consecutive months to pass before issuing a response that "time expired" and the CDCR-OFFICE OF APPEALS was "unable to complete a response". Defendant Moseley failed to deny the material all-egations presented to him. The CDCR-OFFICE OF APPEALS denial is attached hereto as EXHIBIT# 4.

17. Plaintiff Green's appeal to the CDCR-OFFICE OF APPEALS gives expressed notice in the document to, "...Kathleen Allison, SECRETARY OF CDCR; Theresa Cisneros, WARDEN; ET AL., of FREE EXERCISE, ESTABLISHMENT, RLUIPA VIOLATIONS.(Cause of Action)." These violations are realleged in this complaint.

18. Plaintiff Green specifically requested of Defendants, at the administrative level:

"WHEREFORE CLAIMANT DOES SEEK REMEDY AND RELIEF BY: (1)An immediate interview in SATF-D2-DAYROOM with the responsible party(ies) consistent with DOM§ 101060.3; (2) Written authorization and appointment of an 'Inmate Minister' specifically for Islam--ic Services consistent with DOM§ 101060.6.3 and 15 CCR§ 3211 et seq; (3)Written Authorization for a 'Special Religious Services/Programs' to be conducted EXCLUSIVELY IN SATF-D2-DAYROOM to include, but not be limited to Ta'lim and Quranic Studies, Daily Dhuhr prayer, Jumu'ah Congregational Prayer (Friday), Dawah/Peer Spiritual Counseling, etc. consistent with DOM§§101060.7 and 101060.5 'Religious Program Activ--ities'; (4)A true copy of the written authorization, in whatever form it was created (Memorandum, E-mail, etc.) on or before 12/22/2021 for the approved alternative 'Use of Chapel' on SATF-D consistent with DOM§ 101060.8; (5) Damages for deprivations/ violations aforementioned; causational negligence, etc.; and (6) Any and all other available administrative remedies this agency/department deems just and proper."(See EXHIBIT# 1, pg.2, II.CLAIMANT'S REQUEST FOR AVAILABLE REMEDY AND RELIEF)

19. Plaintiff Green's requests made to Defendants at the earliest possible time were all made and considered with the written policies and procedures[3] as they were outlined in the

- 7 -

California Code of Regulations and CDCR-Department Operations Manual.

20. Plaintiff Green has exhausted his administrative remedies.

21. On 1/29/2022 Plaintiff Taylor-El submitted a CDCR 602-1 grievance in re. to
" DEPRIVATION/DENIAL OF RELIGIOUS RIGHTS, LIBERTIES AND IMMUNITIES " where he gave specific
notice of cause of action and made voluminous requests for administrative remedy and relief.

22. On 1/31/2022 SATF-OFFICE OF OFFENDER GRIEVANCE (SATF-OOG) accepted Plaintiff Taylor-
El's administrative complaint for filing, assigning to it Log# 217544, attached hereto as
**EXHIBIT# 5.**

23. Plaintiff Taylor-El made/stated sworn facts sufficient for this cause of action in
his administrative grievance by stating:

> " NOTICE IS HEREBY GIVEN Kathleen Allison,SECRETARY OF CDCR; et al., Claimant, a
> natural person, is denied/deprived his 'RELIGIOUS FREEDOMS' garunteed and protected
> under clearly established state and federal laws. Specifically, Claimant was provided
> a CDCR PRIORITY DUCAT (EXHIBIT# 1) for 12/31/2021 for the scheduled ISLAMIC JUMU'AH
> SERVICE (Sabbath/Holy Day) for all Moslem/Muslim prisoners. Upon reporting to the
> SATF-D-CHAPEL, it was noticed by Claimant and witnesses, the Chapel was converted into
> a Medical Clinic. Pursuant to CDCR policy, this act can only take place with Theresa
> Cisneros,WARDEN approval.(DOM 101060.8 'Location and Use of Chapel'). Claimant was not,
> and currently is not, permitted access into the SATF-D-CHAPEL for it's intended purpose.
> Jumu'ah Prayer is mandatory and to be held every Friday in congregation; and is an
> 'essential part of the right to the free exercise of religion'.(See Freeman v. Arpaio,
> 125 F.3d 732, 736-737 (9th Cir.1997)(refusal of Muslim Service); RFRA; RLUIPA). No doc-
> -umented accommodations have been made for the prohibited religious rights violat-
> -ed. SATF-D-CHAPEL is now a medical facility with no established place for worship.
> These claims prelude the January 6, 2022 Memorandum in re.: COVID-19 MANDATORY 15-DAY
> MODIFIED PROGRAM; and subsequent modifications and extensions."

These facts are realleged and incorporated by reference hereby.

24. Plaintiff Taylor-El made reference to "clearly established state and federal laws"
which protect Plaintiffs' religious rights while citing the appropriate administrative govern-
-ing authority[4] to have relief provided in the first instance.

---

[3] CDCR DOM 101060.3, 101060.5, 101060.6.3, 101060.7 and 101060.8; 15 CCR§ 3211 et seq.

[4] CDCR DOM 101060.8; RFRA; RLUIPA. See also Freeman v. Arpaio, 125 F.3d 732, 736-737 (9th Cir.
1997)(refusal of Muslim Service)

CIVIL RIGHTS COMPLAINT BY A PRISONER

25. On 4/5/2022, after months of no response from SATF-COG on his religious claims, Plaintiff Taylor-El submitted an administrative appeal on CDCR 602-2 to CDCR-OFFICE OF APPEALS. Plaintiff asserts in the body of his appeal:

"Claimant completes this CDCR 602-2 this day, 4/5/2022 without any received response from the SATF-COG nor any interview at the institutional level."

26. Plaintiff Taylor-El submitted written objections to 'CDCR-COA. Plaintiff Taylor-El incorporated and referenced his original claims to the CDCR-COA. The appeal is attached here--to as **EXHIBIT# 6.**

27. On 4/11/2022, SATF-COA accepted Plaintiff's administrative claims for filing.

28. On 6/11/2022, Defendant Moseley conceded to the facts alleged in Plaintiff Taylor-El's grievance and appeal by accepting for filing on 4/11/2022 and allowing exactly (60) sixty days to lapse before issuing a response that "time expired" and the CDCR-OFFICE OF APPEALS was "unable to complete a response". Defendant Moseley failed to deny the material allegations presented to him. Defendant Moseley sent with his denial, the Institutional level denial from Defendant S. Smith which was dated 2/24/2022. Plaintiff Taylor-El's responses are attached hereto as **EXHIBIT# 7.**

29. Plaintiff Taylor-El's appeal to the CDCR-OFFICE OF APPEALS gives expressed notice in the document to,"...Howard E. Moseley,DIRECTOR OF APPEALS. Claimant suffers irrepairable harm under the color of state law presented 12/31/2021 to PRESENT."

30. Plaintiff Taylor-El specifically requested of Defendants, at the administrative level:

" WHEREFORE CLAIMANT REQUESTS RESPONDENT(S): (1)Provide and attach to response, a true and accurate copy of the 'documentary evidence'(hereby requested preserved under the CIVIL DISCOVERY ACT) from WARDEN authorizing converting CHAPEL into CLINIC, nunc pro tunc; (2)Restoration of SATF-D's Religious Programs, et seq; (3)SATF-D2-DAYROOM be auth--orized for the immediate alternative to converted SATF-D-CHAPEL specifically for the SPECIAL RELIGIOUS SERVICE of JUMU'AH under COVID CONDITIONS OF CONFINEMENT(DOM 101060.7 'Religious services/programs may be conducted in special areas of the Institution when an individual or group of inmates cannot participate or attend the regular institution services/programs'); (4)Operation and use of the ISLAMIC INMATE ADVISORY COUNCIL(IIAC) as a collective representation of the Moslem/Muslim Inmate Population(15 CCR§3230(a)'... specialized segment of the inmate population.')(SATF-COG Log#93320) to coordinate with SATF Staff and Administrators in an effort to ensure religious rights are enforced and prevent potential court actions in the future; (5)Use of SATF-D's Islamic Community/Ummah Amir as Inmate Minister (15 CCR§3211 et seq., DOM 101060.6.3 'Use of Inmate Ministers'); **or (6) Monetary and Punative Damages.** "

- 9 -

CIVIL RIGHTS COMPLAINT BY A PRISONER

31. Plaintiff Taylor-El's requests made to Defendants at the earliest possible time were all made and considered with the written policies and procedures[5] as they were out-lined in the California Code of Regulations and CDCR-Department Operations Manual.

32. Plaintiff Taylor-El has exhausted his administrative remedies.

33. Defendants have unlawfully prevented Plaintiffs and similarly situated Muslim prisoners from performing Jumu'ah prayers in accordance with their sincerely held religious beliefs

34. On 3/6/2022, specifically "...due to the complete lack of any form of Religious Pro-gramming", Plaintiff Taylor-El constructed a formal notice of "FAILURE TO PROVIDE RELIGIOUS PROGRAM AND RELIGIOUS PROGRAM ACTIVITIES (Ref. SATF-COF Log#227362, 217544, 212442, etc.)" addressed to Defendants Richey and Dela Cruz at the Executive Branch Headquarters level Religi-ous Programs Oversight Unit and the Institution level. A copy of this notice was sent directly to Defendant Allison. This notice and attachments are attached hereto as **EXHIBIT# 8.**

35. On 3/23/2022, Defendant Richey responded to Plaintiff Taylor-El's notice stating that:

"....as a least restrictive means, the Outside Religious Grounds (ORG) facilities is avail-able for scheduling by all faith groups for **inmate lead services and activities.**"

36. On 3/29/2022, Plaintiff Taylor-El constructed a successive notice directly to Defend-ants Richey and Dela Cruz giving expressed notice and response to his "least restrictive means" statement and the failures regarding Jumu'ah Services. In this correspondence and notice, Plaintiff Taylor-El specifically requested intervention from the Religious Programs Oversight Unit and Defendants Richey and Dela Cruz personally. A copy of this successive notice was sent to Defendant Cisneros. This notice and attachment is attached hereto as **EXHIBIT# 9.**

---

[5] 15 CCR§§ 3210-3213, 3230(a); DOM 101060 et seq. See also Cal Penal Code§§ 2600-2601, 5003, 5010, 5054, 5058; Cal Const. art.I§4; RFRA; RLUIPA; 42 U.S.C.§§2000cc et seq; 42 U.S.C.§1983; 42 U.S.C.§1997; First and Fourteenth Amendments to the US Constitution.

CIVIL RIGHTS COMPLAINT BY A PRISONER

37. Defendants permit inmates to regularly attend gatherings for nonreligious purposes, including academic, vocational, life-skills and other learning opportunities, among other things throughout the Institution.

38. Plaintiffs have made voluminous requests for Jumu'ah Services, yet Defendants have taken no action to address these requests and have taken no further action in addressing the grievances attached to this complaint as exhibits.

39. By denying and/or refusing to process Plaintiffs' requests and grievances for Jumu'ah services, and accommodations thereof, and by refusing to provide Muslim prisoners access to Jumu'ah Services and prayer, Defendants have imposed a substantial burden upon the rights of Plaintiffs and other similarly situated Muslim prisoners to the free exercise of religion. This discriminates and continues to discriminate against Plaintiffs and other simil--erly situated Muslim prisoners on the basis of religion or religious denomination in violat--ion of, among other laws, RLUIPA and the First and Fourteenth Amendments to the United States Constitution.

40. Defendants have further subjected Plaintiffs and other similarly situated Muslim prisoners to disparate treatment by denying them the right to perform Jumu'ah prayer and to attend Islamic study classes known as Ta'leem.

41. Defendants are capable of permitting Plaintiffs and other similarly situated Muslim prisoners to perform Jumu'ah prayer and to attend Ta'leem study classes because they permit prisoners of other faiths to perform religious services and attend religious study classes. Moreover, Defendants have "dayrooms" in each Building designed to house prisoners for both religious and nonreligious prisoner gatherings. This space was specifically requested for Jumu'ah services as a least restrictive means and was denied to Plaintiffs administratively.

42. The substantial burdens that Defendants have placed upon Plaintiff Green, Plaintiff Taylor-El and other similarly situated Muslim prisoners is not necessary, nor is it the least restrictive means to achieve any compelling governmental interest.

//

//

- 11 -

CIVIL RIGHTS COMPLAINT BY A PRISONER

## D.   CAUSE OF ACTION

### CLAIM I

1. State the constitutional or other federal civil right that was violated: Violation of the First and Fourteenth Amendments to the United States Constitution (Establishment Clause).

2. Claim I. Identify the issue involved. Check only one. State additional issues in separate claims.

☐ Basic necessities        ☐ Mail           ☐ Access to the court      ☐ Medical care
☐ Disciplinary proceedings  ☐ Property       ☐ Exercise of religion     ☐ Retaliation
☐ Excessive force by an officer  ☐ Threat to safety  ☑ Other: Establishment Clause

3. Supporting Facts. State as briefly as possible the FACTS supporting Claim I. Describe exactly what each Defendant did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

43. Plaintiffs hereby reallege and incorporate by reference the foregoing paragraphs of this complaint as if fully set forth herein.

44. The Establishment Clause applies with full force and effect to the acts of State and Local government entities and officials pursuant to the Due Process Clause of the Fourteenth Amendment to the U.S. Constitut-ion.

45. Defendants unlawfully engaged and continue to engage in excessive government entanglement in the practice of Islam, in violation of the Establishment Clause of the First and Fourteenth Amendments to the United States Constitution.

46. Defendants' failure to provide religious services and programming for Muslim prisoners while simultan-eously providing religious services and programming to prisoners of other faiths- including Christians, Catholic, Native Americans, Odinists and other faiths, reflects their preference against Islam and their overall discriminatory approach, in violation of the Establishment Clause of the First and Fourteenth Amendments of the United States Constitution.

47. Defendants' sponsorship and support of religious accommodations for prisoners of other faiths has the primary effect of advancing those religions and disfavoring Islam in violation of the Establishment Clause of the United States Constitution.

**(See page 13 for Continued Supporting Facts)**

4. Injury. State how you were injured by the actions or inactions of the Defendant(s).
(See paragraph 53.)

5. Administrative Remedies:
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                           ☑ Yes  ☐ No
   b. Did you submit a request for administrative relief on Claim I?              ☑ Yes  ☐ No
   c. Did you appeal your request for relief on Claim I to the highest level?     ☑ Yes  ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

CIVIL RIGHTS COMPLAINT BY A PRISONER

( CONTINUED SUPPORTING FACTS, CLAIM I.)

48. Defendants' sponsorship and support of religious accommodations for prisoners of other faiths that are not Muslim conveys to reasonable observers a message of endorsement of those religions and faiths and a message of disfavor and condemnation towards Islam, in violation of the Establishment Clause of the United States Constitution.

49. By violating the Establishment Clause as set forth above, Defendants have, under the color of statute, ordinance, regulation, custom, and/or code, deprived Plaintiffs of rights secured by the First and Fourteenth Amendments to the United States Constitution, entitling Plaintiffs to relief under 42 U.S.C.§1983.

50. Defendants lack any compelling government interest in providing religious services and programming to prisoners of other faiths while denying those same benefits and opportunities to Muslim prisoners.

51. Defendants lack any compelling government interest in imposing an unreasonable restriction upon the performance of Jumu'ah prayer and Islamic practice as a whole.

52. Plaintiffs are entitle to declaration that the above described policies and practice violate the Establishment Clause to the First and Fourteenth Amendments of the United States Constitution.

53. Defendants' unlawful actions caused, and continue to cause, Plaintiffs harm and Plaintiffs are entitled to injunctive and declaratory relief, compensatory and punative damages in addition to any and all other such relief this Honorable Court deems just and proper including costs and attorney fees.in this action.

WHEREFORE, Plaintiffs request this Honorable Court grant declaratory relief and injunctive relief in the form requested in the Prayer for Relief below. Furthermore, Plaintiffs request compensatory and punative damages against the Defendants sued in their individual capacity, plus any and all other such relief this Honorable Court deems just and proper.

//
//
//
//

- 13 -

CIVIL RIGHTS COMPLAINT BY A PRISONER

## CLAIM II

1. State the constitutional or other federal civil right that was violated: Violation of the First and Fourteenth Amendments to the United States Constitution. (Free Exercise of Religion)

2. Claim II. Identify the issue involved. Check only one. State additional issues in separate claims.

- ☐ Basic necessities
- ☐ Disciplinary proceedings
- ☐ Excessive force by an officer
- ☐ Mail
- ☐ Property
- ☐ Threat to safety
- ☐ Access to the court
- ☑ Exercise of religion
- ☐ Other:
- ☐ Medical care
- ☐ Retaliation

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim II. Describe exactly what each Defendant did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

54. Plaintiffs hereby reallege and incorporate by reference the foregoing paragraphs of this complaint as if fully set forth herein.

55. The Free Exercise Clause of the United States Constitution provides: " Congress shall make no law... prohibiting the free exercise [of religion]." The Free Exercise Clause applies with full force and effect to the acts of State and Local government entities and officials pursuant to the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

56. Each of the RLUIPA claims within this complaint are also actionable under the Free Exercise Clause, because Defendants' action reflect the imposition of substantial religious burdens, as well as official policies and practices of non-neutrality, upon Plaintiffs and similarly situated Muslim prisoners.

57. Defendants impose and continue to impose a substantial burden on the right to free exercise of relig-ion upon Plaintiffs and similarly situated Muslim prisoners by placing unreasonable restrictions upon Muslim prisoners by failing and/or refusing to provide religious services, programming and accomodations while simultaneously providing religious services, programming and accomodations to prisoners of other faiths - including Christians, Catholics, Native Americans, Odinists, and other religions, in violation of the free exercise clause of the First and Fourteenth Amendments to the United States Constitution.

58. Defendants' actions above chill and impose a substantial burden upon the rights of Plaintiffs and other similarly situated Muslim prisoners to the free exercise of religion.

59. Imposition of such burdens are not in the furtherance of a compelling government interest and are not the least restrictive means of furthering any governmental interest. (See page 15, Cont. Supporting Facts)

4. Injury. State how you were injured by the actions or inactions of the Defendant(s).

(See Paragraph 61.)

5. Administrative Remedies.

a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?   ☑ Yes   ☐ No

b. Did you submit a request for administrative relief on Claim II?   ☑ Yes   ☐ No

c. Did you appeal your request for relief on Claim II to the highest level?   ☑ Yes   ☐ No

d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.

CIVIL RIGHTS COMPLAINT BY A PRISONER

## (CONTINUED SUPPORTING FACTS, CLAIM II.)

60. Plaintiffs are entitled to declaration that the above described policies are a substantial burden to the free exercise of Plaintiffs' religion and the religion of other similarly situated Muslim prisoners, are not justified by a compelling government interest, and are in violation of their First and Fourteenth Amendment rights to their free exercise of religion.

61. Defendants' unlawful actions caused, and continue to cause, Plaintiffs harm and Plaintiffs are entitled to injunctive and declaratory relief, compensatory and punitive damages in addition to any and all other such relief this Honorable court deems just and proper including costs and attorney fees in this action.

WHEREFORE, Plaintiffs request this Honorable court grant declaratory relief and injunctive relief in the form requested in the Prayer for Relief below. Furthermore, Plaintiffs request compensatory and punitive damages against the Defendants sued in their individual capacity, plus any and all other relief this Honorable Court deems just and proper.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

- 15 -

CIVIL RIGHTS COMPLAINT BY A PRISONER

## CLAIM III

1. State the constitutional or other federal civil right that was violated: Violation of the First and Fourteenth Amendments to the United States Constitution. (Equal Protection Clause)

2. Claim III. Identify the issue involved. Check only one. State additional issues in separate claims.
   - ☐ Basic necessities
   - ☐ Disciplinary proceedings
   - ☐ Excessive force by an officer
   - ☐ Mail
   - ☐ Property
   - ☐ Threat to safety
   - ☐ Access to the court
   - ☐ Exercise of religion
   - ☑ Other: Equal Protection Clause
   - ☐ Medical care
   - ☐ Retaliation

3. Supporting Facts. State as briefly as possible the FACTS supporting Claim III. Describe exactly what each Defendant did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   62. Plaintiffs hereby reallege and incorporate by reference the foregoing paragraphs of this complaint as if fully set forth herein.

   63. The Fourteenth Amendment's Equal Protection Clause provides that: "No state shall.....deny to any person within its jurisdiction the equal protection of the laws." Equal protection asks whether government action adversely affects a "suspect class," such as by drawing distinctions based on race, ethnicity, national origin, or religion. See, e.g., Hardin-Bey v. Rutter, 420 F.3d 571, 576 (6th Cir. 2005). Religious distinct-ions are "inherently suspect." See City of New Orleans v. Dukes, 166 427 U.S. 297, 303 (1976).

   64. Defendants have discriminated and continue to discriminate against Plaintiffs, and similarly situated Muslim prisoners on the basis of their Islamic faith by failing and/or refusing to provide religious services, programing and accommodations while simultaneously providing religious services, programing and accommodat-ions to prisoners of other faiths - including Christians, Catholics, Native Americans, Odinists, and other religions, in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Const-itution.

   65. Defendants' discriminatory policies identified above are not in the furtherance of a compelling government interest and are not the least restrictive means of furthering any government interest.

   (See page 17, Continued Supporting Facts, Claim III.)

4. Injury. State how you were injured by the actions or inactions of the Defendant(s).
   (See paragraph 68.)

5. Administrative Remedies.
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☑ Yes ☐ No
   b. Did you submit a request for administrative relief on Claim III? ☑ Yes ☐ No
   c. Did you appeal your request for relief on Claim III to the highest level? ☑ Yes ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

CIVIL RIGHTS COMPLAINT BY A PRISONER

## (CONTINUED SUPPORTING FACTS, CLAIM III.)

66. Defendants' discriminatory policies and administrative procedures are beyond chilling and shocking that the interest is clearly adverse to the interests of Plaintiffs' and other similarly situated Muslim prisoners' right to the equal protection of the laws.

67. Plaintiffs are entitled to declaration that the above described policies discriminate against Plaintiffs and other Muslim prisoners similarly situated, are not justified by a compe--lling government interest, and are in violation of the Equal Protection Clause of the Fourteen--th Amendment to the United States Constitution.

68. Defendants' unlawful actions caused Plaintiffs harm and Plaintiffs are entitled to injuntive and declaratory relief, compensatory and punative damages, in addition to any and all other such relief this Honorable Court deems just and proper including costs and attorney fees in this action.

WHEREFORE, Plaintiffs request this Honorable Court grant declaratory relief and injunct--ive relief in the form requested in the Prayer for Relief below. Furthermore, Plaintiffs request compensatory and punative damages against the Defendants sued in their individual capacity, plus any and all other relief this Honorable Court deems just and proper.

//
//
//
//
//
//
//
//
//
//
//
//
//

- 17 -

CIVIL RIGHTS COMPLAINT BY A PRISONER

## CLAIM IV.

1. State the constitutional or other federal civil right that was violated: Violation of the Religious Land Use and Institutionalized Persons Act.

2. Claim IV. Identify the issue involved. Check only one. State additional issues in separate claims.
   - ☐ Basic necessities
   - ☐ Disciplinary proceedings
   - ☐ Excessive force by an officer
   - ☐ Mail
   - ☐ Property
   - ☐ Threat to safety
   - ☐ Access to the court
   - ☐ Exercise of religion
   - ☑ Other: RLUIPA (Religious Exercise)
   - ☐ Medical care
   - ☐ Retaliation

3. Supporting Facts. State as briefly as possible the FACTS supporting Claim I. Describe exactly what each Defendant did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

69. Plaintiffs hereby reallege and incorporate by reference the foregoing paragraphs of this complaint as if fully set forth herein.

70. The Religious Land Use and Institutionalized Persons Act ("RLUIPA") limits the ability of State prisons to impose substantial burdens on the religious exercise of inmates/prisoners. 42 U.S.C.§2000cc-1. "Congress enacted RLUIPA.....in order to provide very broad protection for religious liberty" to prisoners. See Holt v. Hobbs, 135 S. Ct. 853, 859 (2015).

71. Defendants imposed and continue to impose a substantial burden on the religious exercise of Plaintiffs and other Muslim prisoners similarly situated by failing and/or refusing to provide religious services, pro-graming and accommodations while simultaneously providing religious services, programing and accommodat-ions to prisoners of other faiths – including Christians, Catholics, Native Americans, Odinists, and other religions, in violation of RLUIPA.

72. Defendants impose and continue to impose a substantial burden on the religious exercise of Plaintiffs and other Muslim prisoners similarly situated by actively refusing to provide access to the CFG on Facility D, or provide an accommodation to hold Junu'ah prayer inside the individual buildings (D1-D6), in violation of RLUIPA.

73. Defendants' actions have deprived and continue to deprive Plaintiffs and other Muslim prisoners simil--arly situated of their right to be free from government imposed substantial....(See page 19, Cont.Supp.Facts)

4. Injury. State how you were injured by the actions or inactions of the Defendant(s).
   (See Paragraph 76.)

5. Administrative Remedies:
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?  ☑ Yes  ☐ No
   b. Did you submit a request for administrative relief on Claim I?  ☑ Yes  ☐ No
   c. Did you appeal your request for relief on Claim I to the highest level?  ☑ Yes  ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.

CIVIL RIGHTS COMPLAINT BY A PRISONER

## (CONTINUED SUPPORTING FACTS, CLAIM IV.)

....burden on their religious exercise as secured by RLUIPA.

74. Imposition of such burdens are not in the furtherance of a compelling government interest and are not the least restrictive means of futhering any government interest.

75. Plaintiffs are entitled to a declaration that the above described policies are a substantial burden to the religious exercise of Plaintiffs and other Muslim prisoners similarly situated in violation of RLUIPA.

76. Defendants' unlawful actions caused and continue to cause Plaintiffs harm and Plaint- -iffs are entitled to injunctive and declaratory relief, compensatory and punative damages, in addition to any and all other such relief this Honorable Court deems just and proper including costs and attorney fees in this action.

WHEREFORE, Plaintiffs request this Honorable Court grant declaratory relief and injunct- -ive relief in the form requested in the Prayer for Relief below. Furhtemore, Plaintiffs request compensatory and punative damages against the Defendants sued in their individual capacity, plus any and all other relief this Honorable Court deems just and proper.

//
//
//
//
//
//
//
//
//
//
//
//
//
//

CIVIL RIGHTS COMPLAINT BY A PRISONER

## CLAIM V.

1. State the constitutional or other federal civil right that was violated: **Violation of the Religious Land Use and Institutionalized Persons Act.**

2. **Claim V.** Identify the issue involved. Check only one. State additional issues in separate claims.

   ☐ Basic necessities  ☐ Mail  ☐ Access to the court  ☐ Medical care
   ☐ Disciplinary proceedings  ☐ Property  ☐ Exercise of religion  ☐ Retaliation
   ☐ Excessive force by an officer  ☐ Threat to safety  ☑ Other: **RLUIPA (Equal Terms)**

3. Supporting Facts. State as briefly as possible the FACTS supporting Claim I. Describe exactly what each Defendant did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   77. Plaintiffs hereby reallege and incorporate by reference the foregoing paragraphs of this complaint as if fully set forth herein.

   78. Defendants have treated Plaintiffs and other Muslim prisoners similarly situated on less than equal terms than prisoners of other faiths by failing and/or refusing to provide religious services, programming and accommodations while simultaneously providing religious services, programming and accommodations to prisoners of other faiths – including Christians, Catholics, Native Americans, Odinists, and other religions

   79. Defendants' discriminatory policies identified above are not in the furtherance of a compelling government interest and are not the least restrictive means of furthering any government interest.

   80. Plaintiffs are entitled to declaration that the above described policies discriminate against Plaintiff and other Muslim prisoners similarly situated, are not justified by a compelling government interest and are in violation of RLUIPA.

   81. Defendants' unlawful actions have caused and continue to cause Plaintiffs harm and Plaintiffs are entitled to injunctive and declaratory relief in addition to any and all other such relief this Honorable Court deems just and proper including costs and attorney fees in this action.

   WHEREFORE, Plaintiffs request this Honorable Court grant declaratory relief and injunctive relief in the form requested in the Prayer for Relief below. Furthermore, Plaintiffs request all other such relief this Honorable Court deems just and proper.

4. Injury. State how you were injured by the actions or inactions of the Defendant(s).
   (See paragraph 81.)

5. Administrative Remedies:
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?  ☑ Yes  ☐ No
   b. Did you submit a request for administrative relief on Claim 1?  ☑ Yes  ☐ No
   c. Did you appeal your request for relief on Claim 1 to the highest level?  ☑ Yes  ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.

CIVIL RIGHTS COMPLAINT BY A PRISONER

## CLAIM VI.

1. State the constitutional or other federal civil right that was violated: **Violation of California Constitution.**

2. **Claim VI.** Identify the issue involved. Check only one. State additional issues in separate claims.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☑ Other: **California Constitution (Art. I§4)**

3. Supporting Facts. State as briefly as possible the FACTS supporting Claim III. Describe exactly what each Defendant did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   82. Plaintiffs hereby reallege and incorporate by reference the forgoing paragraphs of this complaint as if fully set forth herein.

   83. Cal Const. art. I,§ 4 provides: "Free exercise and enjoyment of religion without discrimination or preference are guaranteed.....The Legislature shall make no law respecting an establishment of religion." This provision is interpreted comparably to the First Amendment to the United States Constitution. See, generally, Hewitt v. Joyner, 940 F.2d 1561 (9th Cir. 1991).

   84. Defendants actions violate the California Constitution for the same reasons they violate the Establishment Clause (Claim I.) and Free Exercise (Claim II.) claims referenced above.

   85. Defendants' unlawful actions caused and continue to cause Plaintiffs harm and Plaintiffs are entitled to injunctive and declaratory relief, compensatory and punitive damages, in addition to any and all other such relief this Honorable Court deems just and proper including costs and attorney fees in this action.

   WHEREFORE, Plaintiffs request this Honorable Court grant declaratory and injunctive relief in the form requested in the Prayer for Relief below. Furthermore, Plaintiffs request compensatory and punitive damages against the Defendants sued in their individual capacity, plus all other such relief this Honorable Court deems just and proper including costs and attorney fees in this action.

   //

4. Injury. State how you were injured by the actions or inactions of the Defendant(s).
   (See paragraph 85.)

5. Administrative Remedies.
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?  ☑ Yes  ☐ No
   b. Did you submit a request for administrative relief on Claim III?  ☑ Yes  ☐ No
   c. Did you appeal your request for relief on Claim III to the highest level?  ☑ Yes  ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.

CIVIL RIGHTS COMPLAINT BY A PRISONER

## E.  PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request this Honorable Court enter judgment in their favor and against Defendants on each and every claim in this complaint, and grant the following relief:

1.  A declaratory judgment that Defendants' policies, practices, and customs violate the First and Fourteenth Amendments to the Constitution of the United States, RLUIPA, 42 U.S.C.§ 1983, and Article I§ 4 of the California Constitution;

2.  An injunction that:

   a. Requires Defendants to facilitate Jumu'ah prayers each friday;

   b. Requires Defendants facilitate Ta'leem study classes;

   c. Requires Defendants provide access to religious grounds;

   d. Requires Defendants facilitate Inmate lead ministries and the opportunity to proselytize;

   e. Requires Defendants to treat Islam on equal terms with all other religions/faiths.

3.  An award of compensatory and punative damages against the individual capacity Defendants pursuant to 42 U.S.C.§ 1983.

4.  An award of costs, attorney fees, and expenses of litigation, pursuant to 42 U.S.C.§ 1988; and,

5.  Any and all such other relief this Honorable Court deems just and proper.

## JURY TRIAL DEMANDED!

NOW COME Plaintiffs, in propia persona, without counsel, and hereby demand a jury trial of the above referenced causes of action so triable.

//

//

//

//

- 22 -

CIVIL RIGHTS COMPLAINT BY A PRISONER

1    I, the undersigned, do swear and affirm to the foregoing true, correct
2    and not misleading under the penalty of perjury. Executed _8_ / _10_ /2022 in
3    Corcoran, California.

                              Humbly Submitted, in Honor,
                              /s/-Haliki Green, Jr.
                              Haliki Green, Jr.
                              In Full Life
                              In Propia Persona
                              All Rights Reserved®

                              /s/-Joe Alfred Taylor-El III
                              Joe Alfred Taylor-El III
                              In Full Life
                              In Propia Persona
                              PRIVATE PARALEGAL - DE JURE
                              All Rights Reserved®

            ** Authorized Signators without the Other **

13    //
14    //
15    //
16    //
17    //
18    //
19    //
20    //
21    //
22    //
23    //
24    //
25    //
26    //
27    //
28    //

                              - 23 -

# EXHIBIT COVER PAGE



EXHIBIT

Description of this Exhibit:
  • CDCR 602-1 Log#212442; Administrative Grievance (1st Level)

Number of pages to this Exhibit: ___2___ pages.

JURISDICTION: (Check only one)

☐ Municipal Court
☐ Superior Court
☐ Appellate Court
☐ State Supreme Court
☑ United States District Court
☐ State Circuit Court
☐ United States Supreme Court
☐ Grand Jury

STATE OF CALIFORNIA
**GRIEVANCE**
CDCR 602-1 (Rev. 01/22)

**CSATF APPEALS**
DEPARTMENT OF CORRECTIONS AND REHABILITATION

**ADOPT**

JAN 18 2022

Page 1 of 2

| STAFF USE ONLY | OGT Log No: 212442 |
| | Decision Due Date: |
| | Categories: |

Claimant Name: __Haliki Green__                          CDCR #: BH-4322

Institution/Parole Region: __SATF__          Current Housing/Parole Unit: __D/2-216__

**STAFF USE ONLY**

_Use this form to file a complaint with the Department_

In order for the Department to understand your complaint, please answer all of the following questions:

- What is the nature of your complaint?
- When and where did the complaint occur?
- Who was involved?
- Which specific people can support your complaint?
- Did you try to informally resolve the complaint?
- What rule or policy are you relying on to make your complaint?
- What specific action would resolve your complaint?

NOTE: Attach documents that help support your complaint (identify the documents if you do not have them).

I.   STATEMENT OF CLAIM(S) FOR RELIEF:
DEPRIVATION OF RELIGIOUS RIGHTS;PLACE OF WORSHIP(Cause of Action) : NOTICE IS HEREBY GIVEN to Theresa Cisneros,WARDEN; et al.,Claimant is suffering from the adverse effects of the decision of the above official(s),on or about 12/22/2021, authorizing SATF-D Staff and Administrators(Medical and Custody) to move and conduct medical services(Pill Call, etc.) from SATF-D-GYM to SATF-D-CHAPEL(DOM §101060.8 "Location and Use of Chapel"). This specific act eliminates the established "place of worship" in violation/breach of clearly established law, rules, policy, procedure and regulations; and duties of State officials, under color of State Law/Office/ Authority.(Cause of Action). Specifically, this act accommodates medical and custody personnel at the direct expense/adverse expense of Claimant's guaranteed and protected Religious Rights and Liberties; and stipulated in 15 CCR §§3210-3213 et seq and CCR's DOM §101060 et seq.(Citation). More specifically, an essential mandate in Claimant's Islamic Faith is the Jmu'ah Prayer(Federally recognized) which is fard(obligatory) as offered in Congregational Prayer(Holy Qur'an 62:1-11 "Friday (Al-Jmu'ah)". This CCR 602-1 is Claimant's formal notice and request for Administrative/Judicial remedy and relief. Claimant does believe CCR, as an Executive Branch Agency/ Department subject to it's charter, has injured Claimant and can furnish the available administrative remedies and relief, without the aid of court. It is the expressed policy(DOM §101060.1) of CCR to,".....make a reasonable effort to provide for the Religious and Spiritual welfare of ALL interested inmates.". Pursuant to this policy, there must be a continuous effort to provide for "Religious Program Activities"(DOM §101060.5) as a duty of the responsible party(ies)(DOM §101060.3)(breach of duty;cause of action).  SPECIAL NOTICE IS GIVEN THAT Claimant.....

ADA Accessible

STATE OF CALIFORNIA
**GRIEVANCE**
CDCR 602-1 (Rev. 01/22)

**CONTINUATION PAGE**

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Page 2 of 2

.....continues to suffer from the aforementioned deprivations/violations and forcing ~~claimm~~ claimant to endure a prolonged remedy is causational negligence, without the expedited attention and accommodations by WARDEN, Theresa Cisneros; et al.

## II. CLAIMANT'S REQUEST FOR AVAILABLE REMEDY AND RELIEF:

WHEREFORE CLAIMANT DOES SEEK REMEDY AND RELIEF BY: (1) An immediate interview in SATF-D2-DAYROOM with the respons-~ible party(ies) consistent with DOM §101060.3; (2) Written authorization and appointment of an "Inmate Minister" specifically for ISLAMIC SERVICES consistent with DOM §101060.6.3 and 15 CCR §3211 et seq; (3) Written authorizat-~ion for a "Special Religious Services/Programs" to be conducted EXCLUSIVELY IN SATF-D2-DAYROOM to include, but not be limited to Talim and Qur'anic Studies, Daily Dhihr Prayer, Jumu'ah Congregational Prayer (FRIDAY), Daueh/Peer/ Spiritual Counseling, etc. consistent with DOM§§101060.7 and 101060.5 "Religious Program Activities"; (4) A true copy of the written authorization, in whatever form it was created(Memorandum, E-mail, etc.) on or before 12/22/2021 for the approved alternate 'use of chapel" on SATF-D consistent with DOM §101060.8; (5) Damages for deprivations/ violations aforementioned; causational negligence, etc.; and (6) Any and all other available administrative ~~and~~ remedies this agency/department deems just and proper.

## III. SUPPORTING DOCUMENTATION AND AUTHORITY:

(1) EXHIBIT #1." DECLARATION OF INTERESTED PERSONS"; (2) California Constitution(Free Exercise Clause, etc.); (3) US Constitution-FIRST AMENDMENT(Free Exercise Clause; Establishment Clause; RLUIPA); (4) "Religious Programs" 15 CCR §§3210-3213 et seq; (5) CCR's DOM-Chapter 10. Article 6.'Religious Programs" DOM §§101060.1-101060.14 et seq; (6) AOA Standards for 'Religious Programs"; (7) 42 USC §1983; (8) 42 USC §§2000 cc et seq; (8) Religious Land Use of Institutionalized Persons Act (RLUIPA); (9) Privileges and ~~Immunitites~~ Immunities Clause (Due Process).

## IV. CONCLUSION:

In conclusion, the Nature of Complaint is the DEPRIVATION OF CLAIMANT'S RELIGIOUS RIGHTS, LIBERTIES AND IMMUNIT-~IES. When and Where is 12/22/2021 to PRESENT DATE on SATF-Facility D-Chapel at 900 Quebec Avenue in Corcoran-CA 93212. Persons Involved are Theresa Cisneros,WARDEN; et al. The Specific People who Can Support Complaint are the Moslem/Muslim persons at the above location whom are "similarly situated persons" and the Interested Persons whom signed the declaration attached hereto(See Exhibit #1). There is no available 'informal" method of resolution. The Rule/Policy is cited above and throughout this document and are clearly established. The specific actions which would resolve this matter are stated in the above section captioned II. CLAIMANT'S REQUEST FOR AVAILABLE REMEDY AND RELIEF (See 1-6).

## V. VERIFICATION:

I, Haliki Green, CDCR#BH-4322,in propia persona, have scribed and read the above CDCR-602-1 and do know it's contents. If called to testify to the facts stated herein I would. The aforementioned Claims, and the contents of this document is/are true, correct and not misleading to the best of my knowledge under penalty of perjury. Executed this date in Corcoran-CA.

Claimant Signature: _Haliki Green_     Date Signed: 1/10/22
        Haliki Green, In Propia Persona

*ADA Accessible*

# EXHIBIT COVER PAGE

2

EXHIBIT

Description of this Exhibit:

• OFFICE OF OFFENDER GRIEVANCE RESPONSE
(Log # 212442)

Number of pages to this Exhibit: ___2___ pages.

JURISDICTION: (Check only one)

- ☐ Municipal Court
- ☐ Superior Court
- ☐ Appellate Court
- ☐ State Supreme Court
- ☑ United States District Court
- ☐ State Circuit Court
- ☐ United States Supreme Court
- ☐ Grand Jury



CALIFORNIA DEPARTMENT of
Corrections and Rehabilitation

# OFFICE OF GRIEVANCES DECISION

**Offender Name:** GREEN, HALIKI Jr

**CDC#:** BH4322

**Current Location:** SATF-Facility D

**Date:** 02/05/2022

**Current Area/Bed:** D 002 2 - 216001L

**Log #:** 000000212442

## Claim #: 001

**Received at Institution/Parole Region:** California Substance Abuse Treatment Facility

**Submitted to Facility/Parole District:** SATF-Facility D

**Housing Area/Parole Unit:**

**Category:** Offender Activities        **Sub-Category:** Other Activity - NOS

### I. CLAIM

Inmate Green, BH4322, alleges the inmate population on Facility D is being deprived of their religious rights and liberties. Green alleges that due to the Facility Chapel being used for medical services the inmate population does not have an adequate area to hold religious services.

### II. RULES AND REFERENCES

#### A. CONTROLLING AUTHORITY

DOM
ARTICLE 6 RELIGIOUS PROGRAMS

CCR TITLE 15 Section 3210. Establishment of Religious Programs.

#### B. DOCUMENTS CONSIDERED

PSR Part A SATF-CS-22-002
Grievance #212442

### III. REASONING AND DECISION

Sergeant M. Stonestreet conducted an inquiry into claim of Deprivation of Claimant's religious right, Liberties and Immunities at the Substance Abuse Treatment Facility. Allegations that Facility D Staff and Administrators (Medical and Custody) conducting medical service (pill call) within Facility D Chapel and by doing this specific act denies the inmate population a place of worship. Sgt. M. Stonestreet determined all applicable CDCR Departmental policies and regulations are being followed and that all relevant decisions, actions, conditions, or omissions by CDCR Departmental Staff are being followed pursuant to departmental policy and procedure. Outdoor religious service areas are established and available to the institution chaplains and inmate population to conduct religious services as scheduled times.

**Decision: Denied**

After a thorough review of all the documents and evidence presented to the Office of Grievances, it is the order of the Office of Grievances to DENY this claim.

If you are dissatisfied with this response you may appeal this decision by mailing the CDCR Form 602-2 included in this response to the California Department of Corrections and Rehabilitation, Office of Appeals. Do not resubmit this claim to the Office of Grievances.

| Staff Signature | Title | Date/Time |
|---|---|---|
| S. Smith [SMST002] | CDW | 02/04/2022 |

# EXHIBIT COVER PAGE

| 3 |
|:---:|

EXHIBIT

Description of this Exhibit:

· CDCR 602·2  APPEAL TO GRIEVANCE RESPONSE
    (Log # 212442)

Number of pages to this Exhibit: ___2___ pages.

JURISDICTION:   (Check only one)

- [ ] Municipal Court
- [ ] Superior Court
- [ ] Appellate Court
- [ ] State Supreme Court
- [✓] United States District Court
- [ ] State Circuit Court
- [ ] United States Supreme Court
- [ ] Grand Jury

STATE OF CALIFORNIA
**APPEAL OF GRIEVANCE**
CDCR 602-2 (03/20)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Page 1 of 2

| **STAFF USE ONLY** | Appeal #: 212442 | | Date Received: |
| | Date Due: | | |
| | Categories: | | |
| | Grievance #: | | |

Claimant Name: Green    CDCR #: BH4322

Current Housing/Parole Unit: D2/ #216    Institution/Facility/Parole Region: SATF-D

☐ There are no claims that can be appealed.

☐ The following claims cannot be appealed:

Claim #s:

**REC BY OOA**

FEB 2 3 2022

_This is the process to appeal the decision made regarding a claim that is not listed above._

Claim #: 001; et al.

Explain the reason for your appeal of any claims not listed above. Be as specific as you can.

_I am dissatisfied with the response I was given because_ Claimant does hereby OBJECT TO THE OFFICE OF GRIEVANCE RESPONSE IN IT'S ENTIRETY. Specifically, said response FAILS to address Claims, et soc. Response attempts to controll Claimant's narrative. Response refer mention to Sergeant M. Stonestreet allegedly conducting an inquiry, yet Claimant is still suffering from the initial derivations and violations evidenced by SATF AVSS in SATF-D-CHAPEL since the date mentioned in initial CDCR 602-1 to this current date. Response is insufficient on it's face and is rejected ab initio (from the beginning). Claimant hereby incorporates and references his original Claims within his "I. STATEMENT OF CLAIMS FOR RELIEF" and submitts his original "II. CLAIMANT'S REQUEST FOR AVAILABLE REMEDY AND RELIEF" hereto Requests # 1-6 to this OFFICE OF APPEAL. Claimant has made a sufficient showing of State and Federal Constitutional derivations/violations ignored at the FIRST LEVEL of Administrative review.

NOTICE IS HEREBY GIVEN TO GAVIN C. NEWSOM, GOVERNOR; KATHLEEN ALLISON, SECRETARY OF CDCR; THERESA CISNEROS, WARDEN; ET AL., of FREE EXERCISE, ESTABLISHMENT, RLUIPA VIOLATIONS. (Cause of Action).-

Are there documents that would be helpful to support your position? Attach copies of those documents, if you don't have the documents, identify them as best you can below:

(1) REJECTED SATF OFFICE OF GRIEVANCE RESPONSE; (2) INITIAL CDCR 602-1 (602 Log No: 212442) filed 1/19/2022 @ SATF and all citations and exhibits offered and filed therewith/therein. (3) SATF-COG Log# 217544 filed by Joe Alfred Taylor-El III, In Propia Persona (c/o: CDCR# HC2129) on or about 1/31/2022.

DISTRIBUTION    Original: Claimant's File    Copies: DAI, DAPO, and Claimant

STATE OF CALIFORNIA
**APPEAL OF GRIEVANCE**
CDCR 602-2 (03/20)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Page 2 of 2

Claim #:_____

Explain the reason for your appeal. Be as specific as you can.

*I am dissatisfied with the response I was given because*_____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

Are there documents that would be helpful to support your position? Attach copies of those documents, if you don't have the documents, identify them as best you can below:

_____
_____
_____
_____
_____
_____

Reminder: Please attach all documents in your possession that support your claim(s).

Please note that this form and supporting documents will not be returned to you.

Claimant Signature:_____     Date Signed:__2/14/22__

MAIL TO:                    Office of Appeals
                Department of Corrections and Rehabilitation
                            P.O. Box 942883
                         Sacramento, CA 95811

# EXHIBIT COVER PAGE



4

EXHIBIT

Description of this Exhibit:

• OFFICE OF APPEALS DECISION
  (Log # 212442)

Number of pages to this Exhibit: ___1___ pages.

JURISDICTION: (Check only one)

☐ Municipal Court
☐ Superior Court
☐ Appellate Court
☐ State Supreme Court
☑ United States District Court
☐ State Circuit Court
☐ United States Supreme Court
☐ Grand Jury

GRIEVANCE
CDCR 602-1 (Rev. 01/22)

CONTINUATION PAGE

CSATF APPEAL

FEB 2 4 2022

Page 2 of 2

...being converted into a CLINIC, the Ummah has had no ALTERNATIVE PLACE OF WORSHIP in violation of PLUTPA and Departmental policy and procedure. This Claimant is constructively prevented from executing his Ecclesiastical duties and functions; Religious, Spiritual, Social and Administrative, as the Amir of SATF-D. The verifiable VACANCY of the ISLAMIC CHAPLAINCY WARRANTS THE IMMEDIATE AND BENEFICIAL ACCOMMODATION/REQUIREMENT; FULL ENTITLEMENT TO USE OF ALL PLACES WHEREIN OF AID FOR ALL ISLAMIC FAITH BASED SERVICES AND ACTIVITIES; ESPECIALLY PRIOR TO RAMADAN (April 3rd, 2022 is first day of FASTING).

## II.. REQUEST FOR REMEDY AND RELIEF:

(1) EXPEDITE PROCESSING OF THIS 602; (2) Appointment of Claimant's Ecclesiastical Duty as AMIR be confirmed and honored by Staff and Administrators, nunc pro tunc; (3) 602 be ACCEPTED AND GRANTED in the first instance, without unreasonable delay; (4)Immediate RESTRUCTION of ISLAMIC RELIGIOUS PROGRAMS AND ACTIVITIES; (5) Guarantee be provided SIMULTANEOUSLY regarding sacred space for Staff and Inmates for JUM'AH, TA'LIM and DAWAH; (6) Coordinated and consistent efforts be made to establish A PERMANENT which provides, ADEQUATE SPACES, Islamic practices consistent with CLEARLY ESTABLISHED LAWS; (7) AMIR designation be recognized as "Inmate Minister" of an "unrepresented" and "...specialized" segment of the inmate population known as ISL's; or (8) DAWAHS.

## III.. GOVERNING AUTHORITY:

15 CCR§§ 3004,3222,3210-3213;et al.(3211"Inmate Ministers"); PCM 101060 et sec(101010.2 "Purpose", 101060.4.3 "Ecclesiastical Responsibilities", 101060.5 "Religious Program Activit-ies", 101060.5"Worship Services", 101060.5.1Scheduling "Worship Services"; 101060.6.2 "Inmate Assistant", 101060.6.3 "Use of Inmate Ministers", 101060.7 "Special Religious Serv-ices/Program", 101060.8"Location and Use of Chapel", 101060.12"Special Food's for Religious Ceremonies"); Cal PC§§ 2600-2601,5003,5010,5054,5055; Cal Const Art I§4; First and Fourteenth Amendments to the UNITED STATES Constitution; RLUIPA; RFRA; 42 USC§§ 2000cc et sec; 42 USC 1983; MASJID AN-NUR "Community By-Laws" utilized by previous Amir BADILLA"(pending amendment). SENATE BILL #292.

## IV.. CONCLUSION:

It is this Claimant's every intention to resolve this matter expeditiously and without the aid of court. Without a speedy remedy, SATF can expect a stream of individual grievances from various practicing MSL's whom feel their individual RELIGIOUS RIGHTS, LIBERTIES AND IMMUNIT--IES are being denied/deprived/violated.(See SATF-OOG-Log#212442 authored by Brother Maliki Green Jr., SATF-OOG-Log#217544 authored by Brother Joe Taylor-El III) It is this Claimant's intention to promote Islam in it's purest form; PEACE! This Claimant REQUEST EXPEDITED PROCESSING AS RAMADAN IS STEADILY APPROACHING and this Ummah is struggling without any form of RELIGIOUS SERVICES nor RELIGIOUS SERVICE ACTIVITIES which can be provided by the Amir in the absence of Our Imam Ayub Haroun. Please assist this Claimant in a speedy resolution in the promotion of peaceful and positive Islamic programming on SATF-D.

Claimant Signature: _____   Date Signed: 2-23-22
Demetrius L. Bell, AMIR

State of California

Department of Corrections and Rehabilitation

# Memorandum

Date    December 17, 2020

To    All Staff

Subject   **DEPARTMENT OPERATIONS MANUAL SUPPLEMENT 101060—RELIGIOUS PROGRAMS**

The purpose of this memorandum is to announce the following deletions to Department Operations Manual Supplement 101060, Religious Programs, during this annual review period. Any additions are noted in red bold font within the policy.

<u>Deletions</u>

### 101060.3 Responsibility

~~Current CSATF/SP Chaplain staffing is as follows:~~

| | |
|---|---|
| Protestant | ~~2 Full Time (40 hour work week)~~ |
| Catholic | ~~2 Full Time (40 hour work week)~~ |
| Islamic | ~~1 Full Time (40 hour work week)~~ |
| Native American | ~~1 Full Time (40 hour work week)~~ |
| Jewish | ~~1 Full Time (40 hour work week)~~ |

Ensure this information is disseminated to all institutional staff. Should you have any questions, please contact the Community Resources Manager at extension 5504.



~~T. CISNEROS~~
Warden (A)
California Substance Abuse Treatment Facility and State Prison at Corcoran

Operations Manual                    DEPARTMENT OF CORRECTIONS AND REHABILITATION                    Operations Manual

ARTICLE 6 – Religious Programs

### 101060.3 Responsibility

Staff Chaplains, under direct supervision of the Community Resources Manager (CRM), have the primary responsibility for the administration and monitoring of the religious programs at the California Substance Abuse Treatment Facility and State Prison at Corcoran (CSATF/SP).

A chaplain is designated for the following major faith based groups:

- Protestant
- Catholic
- Islamic
- Native American
- Jewish

### 53060.6.2 Chaplain and Native American Spiritual Leader's Duties

Staff Chaplains are directly responsible for supervision of inmates and all aspects of the religious programs at CSATF/SP.

Staff Chaplains shall have access to all areas of the institution (except during emergency situations) to minister to inmates and shall provide spiritual counseling services to the inmates in the Short-Term Restricted Housing and the Correctional Treatment Center (CTC).

#### Inmate Emergency/Crisis

All inmate emergency/crisis telephone communications, such as the death or critical illness of a family member, shall be accomplished and monitored by the appropriate custody and/or counseling staff. In the case of a family death, the inmate shall be given the opportunity to see the Chaplain. Whenever possible, notification of the death shall be made with the chaplain present.

#### Religious Library

Chaplains shall maintain a religious library located in the chapel area. Access to the library is limited only by the availability of the Chaplain. Cassette players, CD players, tapes, CDs and DVDs, if available, shall remain in the chapel library at all times in locked cabinets under the supervision of a Chaplain. When approved by the Chaplain, inmates may check out religious books/literature. Inmates may not check out hard bound copies of reading materials. Donated items to be used by the inmate population shall be maintained in the Chapel Library and made accessible for inmate use.

#### Religious Volunteers

Staff Chaplains are encouraged to recruit religious volunteers to provide religious services and programs for the various faith groups. Chaplains, under the general supervision of the CRM, are responsible for the orientation and overall supervision of all religious volunteers, groups and other participants from the community involved in the religious programs. Religious volunteers shall be allowed to enter CTC under escort by an Institutional Chaplain and under the Chaplain's constant supervision.

Volunteers who have a Volunteer Identification Card (VIC) may provide services to inmates under functional staff supervision. Volunteers without VICs must provide services under the direct supervision of a Staff Chaplain or chaplain with a VIC. Religious volunteers are required to have all materials (tapes, videos, books, CDs, handouts etc.) they wish to use in conducting services approved, via memorandum, by the respective staff chaplain, CRM and the Custody Captain. Any materials they wish to donate for inmate use shall be processed in accordance to the Institution's Donation Procedures. Materials deemed inappropriate will not be allowed on grounds.

#### Religious Head Coverings

Inmate shall be permitted to wear approved religious headgear throughout the institution as specified in the Religious Personal Property Matrix (RPPM). Pursuant to the California Code of Regulations (CCR), Title 15, Section 3190(b), transgender women housed in male institutions are authorized to possess and purchase female head gear per the RPPM. In regards to searching inmates who are wearing a religious item, pursuant to the CCR, Title 15, Section 3213(d), "All religious artifacts shall be subject to searches by staff." As always, it is expected searches are conducted in a respectful and professional manner. Head coverings shall be searched during random searches as well as normal searches during processing through Work Change or yard release.

Staff shall approve all head coverings in accordance with the Religious Personal Property Matrix.

#### Tefillin

Inmates shall be allowed to possess Tefillin in their cells. Tefillin must be ordered through an approved vendor with the exception of metal Tefillin, which is considered contraband and not allowed. Tefillin may be used in the Chapel and in the cells during prayer.

### 101060.5 Religious Program Activities

#### Service Projects – Parole Dress Out Program

The Institution's Catholic Chaplains administer a program that assists indigent paroling inmates in obtaining "dress outs" from Bethlehem Center, 1638 Dinuba Blvd., Visalia, California 93291. If an inmate requires assistance, he must bring a copy of his most recent "Trust Account Statement" to the chaplain on his facility at least sixty (60) days prior to his parole date. The chaplain will provide and sign the Request for Parole Dress Out Form (refer to Attachment A) verifying the inmate has less than $20.00 in his account and is eligible for this program. The inmate shall complete the form, indicating his clothing request and required sizes. The inmate shall then mail the form to Catholic Charities of Visalia at the address that appears at the bottom of the form.

Catholic Charities of Visalia fills these requests with clothing from their Thrift Store. Once a month, the clothing packages are picked up and delivered to CSATF/SP's Mailroom by a Chaplain or staff designee. These clothing packages are then picked up and searched by Receiving and Release (R&R) Staff and are stored at R&R until the inmate paroles. R&R Staff shall notify the inmate that his parole clothing has arrived.

### 101060.6.1 Scheduling of Worship Services

Staff Chaplains shall provide schedules of their regularly scheduled worship services, religious activities for their respective faith groups as well as for the other faith groups. Chaplains shall also submit a list of volunteers they oversee. These lists and schedules shall be submitted to the CRM for approval and inclusion in the Master Chapel/Outdoor Religious Grounds (ORG) Schedule for each facility by the chaplains by the 10th of each month. The Master Chapel/ORG Schedules known as "Chapel/ORG Schedules" will be updated as changes occur, and no less than quarterly.

Chapel/ORG Schedules are posted on the inside window of each Chapel and are distributed to Institutional staff as appropriate.

### 101060.6.2 Inmate Assistant

Inmates shall not be authorized or allowed to conduct or lead any religious services, classes or groups of any kind in the facility Chapels (main chapel, chapel library, Chaplain Clerk's Office, etc.) without the direct supervision of a Staff Chaplain.

Operations Manual

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Operations Manual

ARTICLE 6 – Religious Programs

Staff Chaplains shall provide adequate/appropriate supervision of the inmate chapel clerks/porters and accurately report the hours worked in accordance with Inmate Work Training Incentive Program (IWTIP) Staff Chaplains shall maintain security of Inmate Time Logs by securing them in an approved cabinet or locker, with an authorized institutional lock

### 101060.8 Location and Use of Chapel/Outdoor Religious Grounds (ORG)

Chapel exterior doors shall remain locked during service provision, as well as when not in use. Chaplains and other service providers are expected to let inmates in and out for services. Inmates shall not congregate in Chapel areas without proper direct Staff Chaplain Supervision. Inmate religious workers are not authorized to be in the Chapel or at their work sites without direct supervision of the Chaplain. Chaplains and religious volunteers must immediately notify the facility program staff/education officer of their presence in the Chapel

Chaplains shall maintain adequate security of all telephones located in the Chapel areas thus ensuring no unauthorized telephone calls are made. Inmates are not allowed to be alone in Staff Chaplain Offices. At no time will Chapel telephones be used for inmate emergency calls. Inmates are prohibited from having access to Chapel telephones with outside telephone line capability. Inmates may not use the inmate telephone system to directly contact volunteers. Institutional telephones are for official business only

All religious services shall require direct (constant) supervision at all times. At no time, shall inmates be left unsupervised in the Chapel or in any other area. If there is no Staff Chaplain in the Chapel during a Volunteer supervised religious service, the affected Lieutenant shall ensure sporadic courtesy checks on volunteers are provided

In the event a Staff Chaplain or religious volunteer is unavailable to supervise the primary religious service, the affected Lieutenant shall ensure inmates are allowed the opportunity to use the ORG to conduct their primary religious service

### 101060.9 Location and Use of Sweat Lodge

Sweat lodge facilities are designated for Native American Indian (NAI) inmates' religious ceremonial use only. Non-religious activities require approval of the Warden in consultation with the Institution's Native American Spiritual Leader (NASL) and/or recognized local elder(s). Special events or observances require written approval submitted to the Warden no less than thirty (30) days in advance. The requests shall clearly outline all proposed procedures, clearances and activities. The NASL shall maintain a list, by facility, of all participating NAI Inmates. This list must identify/designate Close-Custody (CLO) status and those inmates designated as part of the Institution's Heat Risk Program. Maintenance of the Sweat Lodge is the responsibility of the NAI Inmates assigned to the job

### 101060.9.1 Sweat Lodge Ceremonies

Two (2) types of ceremonies are generally held at the Sweat lodge: Drum Ceremony and the Sweat Lodge Purification Ceremony. Other special events may be held as scheduled by the NASL. The NASL or designated Chaplain will schedule the Drum/Sweat lodge Purification Ceremonies and ducat the NAI Inmates in each of the facilities for one (1) of the two (2) ceremonies on a weekly basis

Drum Ceremony
This ceremony shall be scheduled between the hours of 0900- 1100 on Saturdays or Sundays. Unless the NASL or Staff Chaplain is in the Sweat lodge area to supervise the ceremony, this ceremony may be held on the yard where the ceremony will be overseen by Yard Officers. Inmates may burn an ounce or less of sage during the ceremony providing a Custody Officer or Chaplain lights the sage for the inmates

The Facility Yard Officers shall conduct count on an hourly basis, and shall be responsible for the Out-Count Slips for Close Custody inmates on Facilities "C," "D," and "E." The Facility Yard Officers will also be responsible for escorting the inmates to the recreation yard for restroom breaks, which shall be allowed, as needed. Staff shall follow institutional safety and security procedures, conducting a clothed body search when the inmate leaves the Sweat lodge, and again when he returns. Complex Control shall radio or telephone the facility when an inmate requests a restroom break, except on Complex IV where this will be done by the Facility Yard Officers

Sweat Lodge Purification Ceremony
This ceremony will be scheduled as would chaplaincy staff availability and security permits. The ceremony will generally run from 0845 to 1330 hours once per month per yard. Other times may be scheduled in special situations or when volunteers can be available. Inmates must be directly supervised by the NASL, Native American Volunteer with a VIC or designated Staff Chaplain. Complex Control Staff and Facility Yard Officers shall assist in the same manner as they do for the Drum Ceremony

Use of Lighter for Drum and Sweat Lodge Purification Ceremonies
A lighter shall be maintained in each Complex Control for the sole purpose of starting the fire in the Sweat Lodge area for the ceremonies. A designated officer shall check out the lighter from the Complex and take it to the Sweat Lodge area. In the case of a Sweat Lodge Purification Ceremony, the NASL, Native American Volunteer with a VIC or designated Staff Chaplain will take the lighter and light the fire. In the case of a Drum Ceremony, the Custody Officer shall light the sage. Inmates are not allowed access to the lighter. When the lighting process is completed, the Officer, NASL, Native American Volunteer with a VIC or Staff Chaplain shall immediately retrieve the lighter and return it to the Complex Control. The NAI Inmates shall be provided a water hose that shall be placed outside the Sweat Lodge. The NASL or Native American Volunteer with a VIC is authorized to check out a shovel and rake from Custody Staff for use in the Sweat Lodge

Items Approved for Use at the Sweat Lodge
Only those items approved by the Warden/designee shall be permitted during Sweat lodge ceremonies. In addition to the items listed in the Department Operations Manual (DOM) the allowing items are also allowed

1. Ceremonial objects (e.g. Rattle, Flute, Hand Drum)

2. Literature (e.g. Books, Magazines, Newspapers)

3. Tobacco is approved for use by the Native American Inmates during religious ceremonies only, and is controlled as follows

   • NAI Inmates are not authorized to be in personal possession of any tobacco products. Required tobacco amounts shall be maintained in a locked cabinet located in the NASL's Office, and secured in a manner prohibiting inmate access/misuse

   • Tobacco shall remain under the direct supervision/control of the NASL at all times

   • Tobacco shall only be used in the Sweat Lodge area as part of a special scheduled or official sacred/ceremonial activity or for occasional use in the sacred pipe for healing or for observances that are in keeping with NAI beliefs and practice. Tobacco shall only be smoked in the sacred pipe. The NASL shall place the tobacco in the sacred pipe prior to entering the Sweat Lodge area, and with only the amount of tobacco that is considered enough for the sacred activity/ceremony

   • All ceremonial tobacco must be obtained through the approved gifts and donations process

Operations Manual                    DEPARTMENT OF CORRECTIONS AND REHABILITATION                    Operations Manual

ARTICLE 6 – Religious Programs

101060.10 Sacramental Wine and Religious Artifacts

### Sacramental Wine

The Catholic Chaplain and/or Catholic Clergy shall be authorized to possess no more than 2-3 ounces of sacramental wine. The wine will be brought in for services only, and shall be removed from institutional grounds at the end of the services.

### Religious Personal Property Packages

Inmates will have an opportunity to order items from the RPPM on the Inmate Religious Personal Property Package Request Form (Attachment B).

Religious Personal Property Packages shall fall under memorandum dated December 23, 2013, titled, "Inmate Religious Personal Property Matrix/Wear Out Extension" (Refer to Attachment C).

### Religious Personal Property Package Vendors and Lists

Religious Personal Property Package Vendors may be approved on a Departmental or local level. The current list of vendors appears on the "CDCR Approved Religious Vendors" - (Refer to Attachment D). The list will be updated by the Community Resources Manager (CRM), and the original will be maintained by the Compliance Coordinator. Revision dates will be recorded on the list each time it is revised. Copies will be made available through the Chapels, libraries and R&R.

### New Vendor Approval

Inmates may order from any of the approved vendors on the Religious Personal Property Package Approved Vendor List but may only use one vendor per order.

Inmates may request the addition of new Religious Personal Property Package Vendors and for the addition of new items not listed on the RPPM as a religious accommodation by submitting the Religious Review Review Form (Attachment E) to the Staff Chaplain who will submit it to the Religious Review Committee. The request should include the religious item(s) or the vendor's name, address and reason for requesting inclusion as an approved vendor. If approved by the RRC, the vendor will be contacted to submit an application and catalog for the screening and approval process.

Per Title 15 of the California Code of Regulations, Section 3210(d):

> 3210. Establishment of Religious Programs.
> (d) A request for a religious service accommodation that requires a specific time, location and/or item(s) not otherwise authorized, will be referred to a Religious Review Committee (RRC) for review and consideration. The RRC shall be comprised of designated chaplains, and a correctional captain or their designee. Accommodation for religious services that are not granted shall be for reason(s) which would impact facility/unit safety and security, and orderly day to day operations of the institution.

### Requirements for Processing and Distribution

All Religious Personal Property Packages are subject to the following:

1. Must have prior approval by signature from a Staff Chaplain and the CRM. Staff signatures must be in blue ink. Upon approval of the items, the original form will be sent to the vendor. A copy will sent to the Chaplain for their record, a copy to the inmate and a copy maintained in the CRM's Office.

2. May not exceed 14"x14"x14". Items that contain glass or metal are prohibited, unless approved by the Warden.

3. Are included in the six (6) cubic feet property limitation.

4. Are subject to ASU property limitations.

5. May be purchased on a quarterly basis, and each quarterly purchase must come from a single approved vendor. Religious Personal Property Packages may be purchased from any vendor listed on the Institution's "CSATF/SP Religious Personal Property Package Approved Vendors List." Inmates may make requests for additional vendors to the RRC.

6. An inmate may order and possess approved items in accordance with the Inmate Religious Personal Property Matrix memorandum dated December 23, 2013.

7. Religious Personal Property Packages may be purchased by the inmate or third party.

8. Books, cassette tapes and CDs must be new, professionally recorded and sealed in their original wrapper.

9. Religious medallions may be worn at all times except in Administrative Segregation Units, and as determined by safety and/or security.

10. Prayer shawls may only be worn in the cell during prayer time or in the Chapel during scheduled religious services.

11. Prayer rugs and mats may be used in the cell during prayer time or be taken and used in the Chapel during scheduled religious services. They may not be hung on cell walls/doors or used to cover windows.

12. Inmate Religious Personal Property Packages received from other than approved vendors will be disposed of in accordance with DOM, Section 54030.12.2.

13. Religious Personal Property Packages will be run through the Rapid Scan at the Mailroom. From there, they will be transferred, unopened to the package rooms on each of the respective facilities by Warehouse Staff. The Facility Chaplain will contact the NASL as needed for package inspection if there are any questions.

14. The only time the NASL or designated Chaplain will personally deliver a package to an inmate, is when there are sacred items contained as determined by the NASL or designated Chaplain that require handling by a Spiritual Leader.

### NAI Religious Artifacts Mail Out

The NASL shall be responsible for the mail out of NAI religious artifacts. These artifacts shall be logged and mailed out through R&R, and require the inmate to sign the log of items being mailed. It is the responsibility of the inmate to provide a Trust Account Withdrawal Form to R&R to cover the cost of shipping/mailing.

### Religious Gifts and Donations

Refer to the DOM, Section 101110 on Gifts and Donations.

101060.11 Chapel, Sweat Lodge, and Sacred Items Search by Custody Staff

Property staff will screen religious materials in order to identify items that may promote illegal activity or jeopardize the safety and security of the institution. Open channels of communication shall be maintained between all parties concerned.

Chaplains will be available to discuss any issues related to religious artifacts. The Investigative Services Unit (ISU) shall assist in related matters that bring cause for suspicion. All religious artifacts are subject to search, as required by Custody Staff, using sensitivity and cultural competence.

Religious Programs                                Revised December 2020                            101060-3

DEPARTMENT OF CORRECTIONS AND REHABILITATION

ARTICLE 6 – Religious Programs

101060.12 Special Foods for Religious Ceremonies

All ceremonial/religious meals shall be submitted to the Correctional Food Services Manager for approval, and then submitted to the Warden. All meals must be prepared by the Correctional Food Services Staff, and be prepared from food items on the Institution's Master Menu unless otherwise approved by the Warden. At no time, will Chaplains allow ceremonial food items into the Facility Dining Halls or Chapels without written approval from the Custody Captain, which is required at least thirty (30) days, prior to the event. No food items will be allowed to be taken to the Facility Housing Units.

Approved _____
                    T. CISNEROS, Warden (A)

Date ____12/21/2020____

State of California

Department of Corrections and Rehabilitation

# Memorandum

Date        March 4, 2021

To          Inmate Advisory Council

Subject     **CALIFORNIA SUBSTANCE ABUSE TREATMENT FACILITY AND STATE PRISON AT CORCORAN ROADMAP TO REOPENING**

The purpose of this memorandum is to outline a detailed plan to transition specific facilities at the California Substance Abuse Treatment Facility and State Prison at Corcoran (CSATF/SP) into Phase II of the Roadmap to Reopening, dated August 14, 2020. This transition will allow for increased in-person programming inclusive of the Integrated Substance Use Disorder Treatment (ISUDT) Program, Education/Vocational classes, Religious Services and Inmate Visiting Services. The goal for CSATF/SP is to ensure rehabilitative services are provided, while following all mandates to mitigate the spread of COVID-19. Keeping within the guidance provided by the Centers for Disease Control and Prevention (CDC), CSATF/SP is dedicated to ensuring the safety of staff, the inmate population and visitors. Below you will find an overview of the reopening details for the identified rehabilitative program and services.

## Education and Vocational Classes (Start date of February 22, 2021)
- In-person Education classes (six students to one instructor ratio). Each class (ABE, GED, PSCE, Transitions, CRT) will run three class times per day, on a rotational schedule.
- In-person Vocational classes (13-14 students to one instructor ratio). Each class will run one time per day. (Facilities A, B, and E)
- Blended instruction for students from the appropriate housing units will be allowed.
- Students will be given independent study packets to complete on days they are not in class.
- Classrooms will be sanitized between each class.
- Students and instructors will be required to utilize proper Personal Protection Equipment (PPE).

## Bakersfield College Program (Facility A/B only)
- Classes will continue to be delivered using the distance-learning model.

## ISUDT Program (Start date of February 16, 2021)
- In-person Education classes (six students to one ISUDT Counselor ratio).
- Blended instruction for students from the appropriate housing units will be allowed.

SATF Roadmap to Reopening- IAC
Page 2

- Classrooms will be sanitized between each class.
- Students and counselors will be required to utilize proper Personal Protection Equipment (PPE).

## Religious Services (Start date of March 1, 2021)

- In-person Religious Services will reopen utilizing the Chapels, Chapel Libraries, Outdoor Religious Grounds and Native American Sweat Lodge. Each service will run on a rotational schedule.
- All Religious Services will be sanitized between each class.
- Chaplains and inmates will be required to utilize proper Personal Protection Equipment (PPE) during services.

## Inmate Visiting Services

- Video visiting will continue for the inmate population until normal contact visiting is approved at the Headquarters level.

If you have any questions or concerns, contact the respective Captain of your facility.

T. CISNEROS
Warden (A)
California Substance Abuse Treatment Facility and State Prison at Corcoran

ATTACHMENT A

## CALIFORNIA STATE PRISON SATF AT CORCORAN
### Request for Parole Dress Outs from
### The Catholic Church of Visalia, California

Parole Date: _____     Today's Date: _____

Paroling To: _____
      (City)                       (County)

First Name: _____     Last Name: _____

Mailing Address: <u>CSATF/SP P.O. BOX 7100 CORCORAN, CA 93212</u>

CDC#: _____ Facility – Building – Bed#: _____ DOB: _____

## Clothing Request

Size Pants: _____     Size Shirt: _____

Size Jacket: _____

I understand that Catholic Charities depends on donations, and every attempt will be made to fill my request. I also understand at times special sizes needs may not be available. Make your request no later than 6 weeks prior to you parole date, for there may be no guarantee that you will get your dress out if submitted late.

Your Signature: _____

-------------------------------------------------------------------
### CHAPLAIN VERIFICATION
The inmate identified above has presented me with the proper documentation and his request for assistance (Parolee Dress Out's) is approved.

Chaplain: _____ Date: _____

Send Completed Application to:                BETHLEHEM CETNER
                                      1638 N. DINUBA BLVD.
                                      VISALIA, CA 93291

State of California

**ATTACHMENT B**

Department of Corrections and Rehabilitation

# Memorandum

Date :

To :   Warehouse
California Substance Abuse Treatment Facility and State Prison at Corcoran (CSATF/SP)
900 Quebec Avenue
Corcoran, CA 93212

Subject:   **RE: INMATE RELIGIOUS PERSONAL PROPERTY PACKAGE REQUEST FORM**

☐ TRUST ACCOUNT
☐ THIRD PARTY

I am requesting an Inmate Religious Personal Property Package consisting of the following items:

VENDOR _____

ADDRESS _____

CITY _____ STATE _____ ZIP: _____

| Item# | Qty | Item Description | Size | Price Each | Total Price |
|-------|-----|------------------|------|------------|-------------|
|       |     |                  |      |            |             |
|       |     |                  |      |            |             |
|       |     |                  |      |            |             |
|       |     |                  |      |            |             |
|       |     |                  |      |            |             |
|       |     |                  |      |            |             |
|       |     |                  |      |            |             |

The Special Purchase Manager is authorized to make the necessary adjustments as to cost, tax, shipping, and IWF

Ship To:

_____
Print Last Name, First Name Here

Subtotal   $ _____

Shipping & Handling   $ _____

Signature _____

Total Enclosed   $ _____

CDCR# _____   Housing _____

APPROVED / DISAPPROVED

APPROVED / DISAPPROVED

_____
Print/Sign/Date
Chaplain
CSATF/SP

**NOTE: THIS FORM MUST BE ATTACHED TO THE BOX**

Community Resources Manager
CSATF/SP

Cc: Warehouse
Chaplain

Updated: 08/2018

ATTACHMENT C

Incorporated by reference into CCR Title 15 section 3190

# RELIGIOUS PERSONAL PROPERTY MATRIX

## (Revised 6/27/13)

RELIGIOUS PERSONAL PROPERTY FOR LEVEL I, II, III, IV, CAMPS, AND COMMUNITY CORRECTIONAL FACILITIES INMATES

- THE RELIGIOUS PERSONAL PROPERTY MATRIX APPLIES TO BOTH MALE AND FEMALE INMATES, AND REFLECTS PERSONAL RELIGIOUS PROPERTY THAT INMATES MAY POSSESS. CONGREGATE/GROUP RELIGIOUS ITEMS WILL BE DETERMINED BY THE LOCAL RELIGIOUS REVIEW COMMITTEE.

- RELIGIOUS TEXTS (I.E. TORAH, HOLY QURAN, VEDAS, POETIC EDDA, BIBLE, ETC.) SHALL BE PERMITTED AS AUTHORIZED IN CALIFORNIA CODE OF REGULATIONS, TITLE 15, SECTION 3190(b)(7).

- INMATES ARE PERMITTED PERSONAL RELIGIOUS ITEMS LISTED IN THIS MATRIX. FACILITIES MAY SUBMIT REQUESTS TO BE EXEMPTED FROM THE RELIGIOUS PERSONAL PROPERTY ITEMS DETAILED IN THIS MATRIX. REQUESTS SHALL BE SUBMITTED TO THE STANDARDIZED PROCEDURES UNIT WITH A COPY TO THE APPROPRIATE MISSION BASED ASSOCIATE DIRECTOR. ALL REQUESTS MUST INCLUDE RATIONALE AND SUPPORTING DATA.

- INMATES ARE PERMITTED TO WEAR AND OR POSSESS PERSONAL RELIGIOUS CLOTHING ITEMS AS INDICATED IN THIS MATRIX.

- INMATES ARE PROHIBITED FROM POSSESSING, USING, OR WEARING PERSONAL RELIGIOUS CLOTHING ITEMS IN ANY SHADE OF GREEN, BLACK, BROWN, TAN, RED, OR BLUE UNLESS OTHERWISE INDICATED. MULTICOLORED ITEMS SHALL NOT APPEAR TO BE PREDOMINANTLY ONE OF THE RESTRICTED COLORS PREVIOUSLY LISTED.

- INMATES ARE PROHIBITED FROM POSSESSING, USING, CREATING, OR WEARING PERSONAL RELIGIOUS CLOTHING WITH HOODS, PICTURES, DECORATIVE ZIPPERS, INSIDE POCKETS, OR ZIPPERED POCKETS.

- INMATES ARE PROHIBITED FROM POSSESSING, USING, CREATING, OR WEARING ANY ITEMS WITH ANY DESIGN, SIGN, SYMBOL, OR ILLUSTRATION IDENTIFIED AS BEING ASSOCIATED WITH A SECURITY THREAT GROUP.

- ALL INMATES ARE PROHIBITED FROM POSSESSING, USING, CREATING, OR WEARING ITEMS WHICH ARE OBSCENE, AS DESCRIBED IN CCR, TITLE 15 SECTION 3008, OR WHICH HAVE LOGOS, CODED MESSAGES, LETTERING, PICTURES WHICH ADVERTISE OR DEPICT ALCOHOL, SECURITY THREAT GROUPS, PROFANITY, SEX, WEAPONS, DRUGS, OR DRUG PARAPHERNALIA.

- MALE INMATES SHALL NOT RECEIVE OR POSSESS ITEMS OF RELIGIOUS CLOTHING DESIGNED AND MANUFACTURED SPECIFICALLY FOR WOMEN UNLESS AUTHORIZED FOR MEDICAL REASONS.

- DETERMINATIONS CONCERNING RELIGIOUS PERSONAL PROPERTY ITEMS FOR INDIVIDUAL INMATES IN SPECIALIZED HOUSING UNITS (ASU/PSU/SHU) MAY BE MADE ON A CASE-BY-CASE BASIS BASED UPON THE INMATE'S BEHAVIOR/MENTAL HEALTH STATUS/SAFETY/SECURITY NEEDS. DECISIONS MUST BE APPROVED BY THE RESPECTIVE HIRING AUTHORITIES OR DESIGNEES.

 CALIFORNIA DEPARTMENT of
Corrections and Rehabilitation

# OFFICE OF APPEALS DECISION

**Offender Name:** GREEN, HALIKI Jr          **Date:** 06/23/2022
**CDC#:** BH4322
**Current Location:** SATF-Facility D          **Current Area/Bed:** D 002 2 - 216001L

Log #: 000000212442

## Claim # 001

**Received at Institution/Parole Region:** California Substance Abuse Treatment Facility
**Submitted to Facility/Parole District:** SATF-Facility D
**Housing Area/Parole Unit:**
**Grievance Claim Category:** Offender Activities          **Grievance Claim Sub-Category:** Other Activity - NOS
**Appeal Claim Category:** Offender Activities          **Appeal Claim Sub-Category:** Religious Issue

The California Department of Corrections and Rehabilitation, Office of Appeals received your appeal on 02/23/2022 which you submitted on 02/14/2022.

The California Code of Regulations, title 15, provides the Department with 60 calendar days to complete a response, however, the Department was unable to complete a response in that time. As a result, this is the Department's final response regarding this claim and this response exhausts all administrative remedies available to you for this claim.

**Decision: Time Expired**

# EXHIBIT COVER PAGE

5

EXHIBIT

Description of this Exhibit:

• CDCR 602-1 Log # 217544; Administrative Grievance (1st Level)

Number of pages to this Exhibit: ___5___ pages.

JURISDICTION:   (Check only one)

☐ Municipal Court
☐ Superior Court
☐ Appellate Court
☐ State Supreme Court
☑ United States District Court
☐ State Circuit Court
☐ United States Supreme Court
☐ Grand Jury

217544

STATE OF CALIFORNIA
**GRIEVANCE**
CDCR 602-1 (Rev. 01/22)

**ADOPT**

DEPARTMENT OF CORRECTIONS AND REHABILITAT...

CSATF APPEALS

| STAFF USE ONLY | OGT Log No: 217544 | | Date Received: JAN 31 2022 |
|---|---|---|---|
| | Decision Due Date: | | |
| | Categories: | | |

Claimant Name: __Joe Alfred Taylor-El III__

Institution/Parole Region: __SATF__                    CDCR #: __c/o: BK2129__

Current Housing/Parole Unit: __D2/ #226__

STAFF USE ONLY

_Use this form to file a complaint with the Department._

In order for the Department to understand your complaint, please answer all of the following questions:

- What is the nature of your complaint? DEPRIVATION/DENIAL OF RELIGIOUS RIGHTS,LIBERTIES AND IMMUNITIES
- When and where did the complaint occur? 12/31/2021 to PRESENT
- Who was involved? MEDICAL and CUSTODY STAFF/ADMINISTRATORS; et al.
- Which specific people can support your complaint? All Moslem/Muslim Inmates on SATF-D, Staff, Administrators
- Did you try to informally resolve the complaint? No such method of resolution is available
- What rule or policy are you relying on to make your complaint? See III. of this document
- What specific action would resolve your complaint? See II. of this document (1-6)

NOTE: Attach documents that help support your complaint (identify the documents if you do not have them).

I.    STATEMENT OF CLAIMS FOR RELIEF:
NOTICE IS HEREBY GIVEN Kathleen Allison,SECRETARY OF CDCR; et al., Claimant, a natural
..... is denied/deprived his "RELIGIOUS FREEDOMS" guaranteed and protected under clearly
established state and federal laws. Specifically, Claimant was provided a .....
..... (EXHIBIT# 1) for 12/31/2021 for the scheduled ISLAMIC JUMU'AH SERVICE(Sabbath/Holy Day)
for all Moslem/Muslim prisoners. Upon reporting to the SATF-D-CHAPEL, it was noticed .....
..... and witnesses, the chapel was converted into a Medical Clinic. Pursuant to .....
policy, this act can only take place with Theresa Cisneros,WARDEN approval.(DOM 101060.8
"Location and Use of Chapel"). Claimant was not, and currently is not, permitted access .....
access into the SATF-D-CHAPEL for it's intended purpose. Jumu'ah Prayer is mandatory and to
be held every Friday in congregation; and is an "essential part of the right to the free
exercise of religion".(See Freeman v. Arpaio,125 F.3d 732, 736-737(9th Cir. 1997)(refusal
of Muslim service); RFRA; RLUIPA). No documented accommodations have been made for the
..... religious rights violated. SATF-D-CHAPEL is now a Medical Facility with no
established place for worship. These claims prelude the January 6, 2022 Memorandum in re.:
COVID-19 MANDATORY 15-DAY MODIFIED PROGRAM; and subsequent modifications and extensions.

II.    REQUEST FOR AVAILABLE RELIEF AND REMEDY:
WHEREFORE CLAIMANT REQUESTS RESPONDENT(S): (1)Provide and attach to response, a true .....

ADA Accessible

STATE OF CALIFORNIA
GRIEVANCE
CDCR 602-1 (Rev. 01/22)

CONTINUATION PAGE

Case 1:22-cv-01072-KES-HBK    Document 1    Filed 08/25/22    Page 48 of 75

217544

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Page 2 of 2

.....accurate copy of the "documentary evidence" (hereby requested preserved under the CIVIL DISCOVERY ACT) from WARDEN authorizing converting CHAPEL into CLINIC, nunc pro tunc; (2)Restoration of SATF-D's Religious Programs, et seq; (3)SATF-D2-DAYROOM be authorized for the premises alternative or converted SATF-D-CHAPEL specifically for the SPECIAL RELIGIOUS SERVICE of JUMU'AH under COVID CONDITIONS OF CONFINEMENT(DOM 101060.7 "Religious services/ programs may be conducted in special areas of the Institution when an individual or group of inmates cannot partif participate or attend the regular institution religious services/ programs"); (4)Operation and use of the ISLAMIC INMATE ADVISORY COUNCIL(IIAC) as a collective representation of the Moslem/Muslim Inmate Population(15 CCR§3230(a)".....specialized seg--ments of the inmate population.")(See SATF-OOG Log#93320) to coordinate with SATF Staff and Administrators in an effort to ensure religious rights are enforced and prevent recurial such actions in the future:(5) Use of support Islamic Community high such as Inmate Minister(15 CCR§3211 et seq, DOM 101060.6.3 "Use of Inmate Ministers"); or (6) Monetary and Punative Damages.

## III.   SUPPORTING DOCUMENTATION AND AUTHORITY:

Inmate Protection Pass(EXHIBIT# 1): 15 CCR§§ 3210-3213, 3230(a); DOM 101060 et seq; Cal Penal Code§§ 2600-2601,5003,5010,5054,5058; Cal Const art.I§4; RFRA; RLUIPA; 42 USC §§ 2000cc et seq; 42 USC§ 1983; 42 USC §1997; First and Four--teenth Amendments to the US Const; SATF-OOG Log#93320.; etc.

## IV.   CONCLUSION:

In conclusion, it is well within the ability of SATF Staff and Administrators to make the reasonable accommodations consistent with recent California Supreme Court decisions with respect to Religious Establishments and Service while providing for the safety and security of Staff and the Inmate population. The above matter can be resolved without aid of court. An unreasonable delay in the expedited response to this matter is causational to the cause and notice is with herein. Please preserve the SATF-D AVSS footage as evidence to the merits of this grievance.

## V.   VERIFICATION:

I have scribed and read the contents of this document and do know the facts presented herein to be true and correct to the best of my knowledge under the penalty of perjury. Executed this date in Corcoran, CA.

//
//
//
//
//
//

Claimant Signature: _[signature]_ Joe Alfred Taylor-El III, ALR

Joe Alfred Taylor-El III, In Propia Persona
ISLAMIC LIAISON & PRIVATE PARALEGAL, In Full Life

Date Signed: 1/29/2022 (SAT.)

ADA Accessible

217544

# EXHIBIT COVER PAGE:

Exhibit:  1

Description of this exhibit:

CDC-P/77 ~ ~ ~ t~ D CHAEL

(Claimant and Witness J. Profit OCR "AG4316 Ducats)

Number of pages of this exhibit: __2__ pages

JURISDICTION:  (Check only one

_____Municipal Court

_____Superior Court

_____Appellate Court

_____State Supreme Court

__ __United States District Court

_____United States Circuit Court

_____United States Supreme Court

__✓__California Department of Corrections. 602 Exhibit. (CLIENTS RELETIONS (?)

_____Other:_____

217544

| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION 1998 | | | | |
|---|---|---|---|---|
| OTRR314 | | INMATE PRIORITY PASS | | |
| INMATE'S NAME | | CDC# | HOUSING AREA/BED | |
| Taylor, Joe Alfred | | BK2129 | D 002 2 - 2260031 | |
| ISSUED BY | ISSUE DATE | APPT. DATE | APPT. TIME | |
| A. Haroun | 10/21/2021 | 12/31/2021 | 12:45 | |
| APPT. LOCATION | TYPE / REASON | | | |
| D CHAPEL | ETO Activities/Other ETO Activity-Comments Required | | | |
| ARRIVAL TIME: | RECORDED BY: | | | |
| DEPART TO: | DEPART TIME: | RECORDED BY: | | |

217544

CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION
OTRRJ314                                                                                1096
INMATE PRIORITY PASS

| INMATE'S NAME | | | CDC# | HOUSING AREA/BED |
|---|---|---|---|---|
| Profit, Joshua | | | AG4316 | D 002 1 - 122001U |
| ISSUED BY | ISSUE DATE | | APPT. DATE | APPT. TIME |
| A. Haroun | 10/21/2021 | | 12/31/2021 | 12:45 |
| APPT. LOCATION | TYPE / REASON | | | |
| D CHAPEL | ETO Activities/Other ETO Activity-Comments Required | | | |
| ARRIVAL TIME: | RECORDED BY: | | | |
| DEPART TO: | DEPART TIME: | RECORDED BY: | | |

# EXHIBIT COVER PAGE

6

EXHIBIT

Description of this Exhibit:

• CDCR 602·2  (Log # 217544)

Number of pages to this Exhibit: ___2___ pages.

JURISDICTION:  (Check only one)

- [ ] Municipal Court
- [ ] Superior Court
- [ ] Appellate Court
- [ ] State Supreme Court
- [x] United States District Court
- [ ] State Circuit Court
- [ ] United States Supreme Court
- [ ] Grand Jury

STATE OF CALIFORNIA
**APPEAL OF GRIEVANCE**
COCR 602-2 (03/20)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Page 1 of 2

| **STAFF USE ONLY** | Appeal #: | Date Received: |
| | Date Due: | |
| | Categories: | |
| | Grievance #: 217544 | |

Claimant Name: **Joe Alfred Taylor-El III**      CDCR #: **BK2129**

Current Housing/Parole Unit: **SATF-D2/#226**      Institution/Facility/Parole Region: **CSATF/SP**

☐ There are no claims that can be appealed.

☐ The following claims cannot be appealed:

**OOA RECEIVED**

APR 1 1 2022

Claim #s:

_____

_____

*This is the process to appeal the decision made regarding a claim that is not listed above.*

Claim #: **217544-001;ET AL.**

Explain the reason for your appeal of any claims not listed above. Be as specific as you can.

*I am dissatisfied with the response I was given because* **Claimant** is in receipt of GRIEVANCE RECEIPT which states,"Pursuant to...title 15, the Office of Grievance will complete its review NO LATER THAN 04/02/2022." Claimant completes this CDCR 602-2 this day,4/5/2022 without any received response from the SATF-OOG nor any interview at the institutional level. Claimant does here- -by OBJECT TO (1)No Response from SATF-OOG;(2)Not being provided an interview despite identified violations of State and Federal Constitutions; and (3)Violations of Claimant's Procedural and Substantial Due Process. PLEASE TAKE NOTICE Claimant requests SATF-D AVSS be preserved as PRIMA FACIE EVIDENCE OF ALL CLAIMANT'S ORIGINAL CLAIMS hereby incorporated and resubmitted to the OFFICE OF APPEAL.(See SATF-OOG Log#217544, CDCR-602-1 accepted on 1/31/2022 for filing).Wherein the STATEMENT OF CLAIMS FOR RELIEF is presented to this office to the care of: Howard E. Moseley,DIRECTOR OF APPEALS. Claimant suffers irreparable harm under the color of State Law presented 12/31/2021 to PRESENT.(See SATF-OOG Log#217544).

Are there documents that would be helpful to support your position? Attach copies of those documents, if you don't have the documents, identify them as best you can below:

(1) Claimant Grievance Receipt Acknowledgement #217544; Original CDCR 602-1 (Log#217544) Sections I-V., with Exhibit#1 (Priority Pass to D Chapel [Taylor and Profit]);(3) AVSS of SATF-D's OUTSIDE RELIGIOUS GROUNDS for "Jumu'ah Services" from every Friday from the date of original Claims to Present date.

_____

_____

DISTRIBUTION     Original: Claimant's File     Copies: DAI, DAPO and Claimant

STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS AND REHABILITATION
APPEAL OF GRIEVANCE
CDCR 602-2 (03/20)                                                                          Page 2 of 2

**OOA RECEIVED**

Claim #:_____

Explain the reason for your appeal. Be as specific as you can.                    APR 1 1 2022

*I am dissatisfied with the response I was given because*_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Are there documents that would be helpful to support your position? Attach copies of those documents, if you don't have
the documents, identify them as best you can below:

_____

_____

_____

_____

_____

_____

_____

Reminder: Please attach all documents in your possession that support your claim(s).

Please note that this form and supporting documents will not be returned to you.

Claimant Signature:_____    Date Signed: 4-5-2022

DISTRIBUTION    Original: Claimant's File    Copies: DAI, DAPO, and Claimant

# EXHIBIT COVER PAGE

7

EXHIBIT

Description of this Exhibit:

° OFFICE OF APPEALS DECISION SENT WITH
   OFFICE OF OFFENDER GRIEVANCE RESPONSE

Number of pages to this Exhibit: ___3___ pages.

JURISDICTION:   (Check only one)

- ☐ Municipal Court
- ☐ Superior Court
- ☐ Appellate Court
- ☐ State Supreme Court
- ☑ United States District Court
- ☐ State Circuit Court
- ☐ United States Supreme Court
- ☐ Grand Jury



CALIFORNIA DEPARTMENT of
Corrections and Rehabilitation

# OFFICE OF APPEALS DECISION

**Offender Name:** TAYLOR, JOE ALFRED
**CDC#:** BK2129
**Current Location:** SATF-Facility D

**Date:** 06/11/2022

**Current Area/Bed:** D 002 2 - 226001L

**Log #:** 000000217544

## Claim # 001

**Received at Institution/Parole Region:** California Substance Abuse Treatment Facility
**Submitted to Facility/Parole District:** SATF-Facility D
**Housing Area/Parole Unit:**
**Category:** Offender Activities                 **Sub-Category:** Religious Issue

The California Department of Corrections and Rehabilitation, Office of Appeals received your appeal on 04/11/2022 which you submitted on 04/05/2022.

The California Code of Regulations, title 15, provides the Department with 60 calendar days to complete a response, however, the Department was unable to complete a response in that time. As a result, this is the Department's final response regarding this claim and this response exhausts all administrative remedies available to you for this claim.

**Decision: Time Expired**


CALIFORNIA DEPARTMENT of
Corrections and Rehabilitation

# OFFICE OF GRIEVANCES DECISION

**Offender Name:** TAYLOR, JOE ALFRED
**CDC#:** BK2129

**Date:** 02/24/2022

**Current Location:** SATF-Facility D

**Current Area/Bed:** D 002 2 - 226001L

**Log #:** 000000217544

## Claim #: 001

**Received at Institution/Parole Region:** California Substance Abuse Treatment Facility
**Submitted to Facility/Parole District:** SATF-Facility D
**Housing Area/Parole Unit:**
**Category:** Offender Activities                      **Sub-Category:** Religious Issue

### I. CLAIM

You claim you went to attend Muslim Services on December 31, 2021 in Facility D Chapel and it was converted to a medical clinic.

### II. RULES AND REFERENCES

#### A. CONTROLLING AUTHORITY

CCR Title 15 Section 3212 Schedule Services
Department Operations Manual (DOM) Section 101060.6 Worship Services
DOM Section 101060.6.1 Scheduling of Worship Services
DOM Section 62060.8 Religious Services
DOM Supplement 101060 Religious Programs
Operational Procedure 453 - Program Modifications During Custody Staff Shortages

#### B. DOCUMENTS CONSIDERED

Original CDCR Form 602 #213931

### III. REASONING AND DECISION

On December 31, 2021, Facility D was on Modified Program due to OP 453. OP 453 states, "Overall impact to daily operations shall be kept to a minimum. Medical, dental and psychiatric services shall continue to be conducted. Religious services, showers, and scheduled phone calls shall be minimal." During facility modifications and upon inmate request, chaplains are available to provide religious counseling/services via cell front.

The preponderance of evidence referenced in this grievance supports a finding of no violation of policy.

### IV. Comments

**Decision: Denied**

After a thorough review of all the documents and evidence presented to the Office of Grievances, it is the order of the Office of Grievances to DENY this claim.

If you are dissatisfied with this response you may appeal this decision by mailing the CDCR Form 602-2 included in this response to the California Department of Corrections and Rehabilitation, Office of Appeals. Do not resubmit this claim to the Office of Grievances.

| Staff Signature | Title | Date/Time |
|---|---|---|
| S. Smith [SMST002] | CDW | 02/23/2022 |

# EXHIBIT COVER PAGE



8

EXHIBIT

Description of this Exhibit:

- NOTICE TO RICHEY AND DELA CRUZ,
    COMMUNITY RESOURCE MANAGERS OF
    RELIGIOUS PROGRAMS

Number of pages to this Exhibit: ___18___ pages.

JURISDICTION:   (Check only one)

- [ ] Municipal Court
- [ ] Superior Court
- [ ] Appellate Court
- [ ] State Supreme Court
- [x] United States District Court
- [ ] State Circuit Court
- [ ] United States Supreme Court
- [ ] Grand Jury

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION

# MEMORANDUM

Date:      March 6, 2022

To:        Charles Richey, CRM
           R. DeLa Cruz, CRM

Subject:   FAILURE TO PROVIDE RELIGIOUS PROGRAM AND RELIGIOUS PROGRAM ACTIVITIES
           (Ref. SATF-OOG Log#227362, 217544, 212442, etc.)

**PLEASE TAKE NOTICE** that Ramadan is expected to come in on the evening of
**April 2,2022** making the official first day of "fasting" for the practicing
Muslims/Moslems**(hereon MSLMs) April 3,2022.**

Due to the lack of Religious Programming on SATF-Facility 'D', the Amir of
the Islamic Inmate Community**(Ummah)** require outlined guidance from the above
**COMMUNITY RESOURCE MANAGERS** and the **RELIGIOUS PROGRAMS OVERSIGHT UNIT.**

Currently, Demetrius L. Bell(CDCR# AM7549) is the Amir of SATF-D appointed
by Islamic Chaplain Ayub Haroun,Imam. The Amir is the Inmate Minister as
consistent with the provisions of **15 CCR§3211 et seq.,** an serves as an
essential component to any Islamic Community, especially within the Prison
setting.

It is of great import for this notice to be taken with expedited response
as a flood of administrative grievances and appeals specifically from the
Islamic Inmate population is imminent due to the complete lack of any form
**of Religious Programming.**(See attached CDCR 602-1 Log#227362)

Guidance by memorandum and/or directive should be made to accommodate the
Islamic Inmate population **prior to Ramadan.** It is believed that with some
guidance; and collaborative effort between Staff, Administrators and the
Islamic Community, that accommodations could be readily provided in uphold-
-ing the practicing MSLMs religious Rights, Liberties and immunities.

Please advise.

In Honor,

Joe Alfred Taylor-El III (BK2129)          Demetrius L. Bell (AM7549)
ISLAMIC LIAISON & PARALEGAL                Amir of SATF-D Ummah
ALL RIGHTS RESERVED®                       ALL RIGHTS RESERVED®

cc:        Connie Gipson, DIRECTOR
           Theresa Cisneros,WARDEN
           CAIR-WASHINGTON (Lena Masri)
           SATF-D ISLAMIC INMATE COMMUNITY

Attached:

           SATF-OOG Log#227362; December 17,2020 "Memo" in re. DOM 101060--RELIGIOUS
           PROGRAMS; March 4,2021 "Memo" in re. ROADMAP TO REOPENING

/////

22730 2



CALIFORNIA DEPARTMENT *of*
Corrections and Rehabilitation

# CLAIMANT GRIEVANCE RECEIPT
## ACKNOWLEDGMENT

**Offender Name:** BELL, DEMETRIUS L.                    **CDC#:** AM7549

**Date:** 02/24/2022

**Current Location:** SATF-Facility D              **Current Area/Bed:** D 001 1128001U

**From:** Office of Grievances at California Substance Abuse Treatment Facility

**Re:** Log # 000000227362

The California Department of Corrections and Rehabilitation Office of Grievances at California Substance Abuse Treatment Facility received your grievance on 02/24/2022. Your grievance has been assigned for review and response.

Pursuant to California Code of Regulations, title 15, the Office of Grievances will complete its review no later than 04/26/2022.

Please be informed that the Office of Grievances will not respond to any inquiries about the status of a grievance prior to the date shown above.

CDCR SOMS OGTT300
CLAIMANT GRIEVANCE RECEIPT ACKNOWLEDGMENT

GRIEVANCE
CDCR 602-1 (Rev. 01/22)

**ADOPT**

Page 1 of 2

| STAFF USE ONLY | OGT Log No: 227362   Date Received: FEB 24 2022 |
|---|---|
| | Decision Due Date: |
| | Categories: |

Claimant Name: Demetrius L. Bell, IN PROPIA PERSONA          CDCR #: AN7545

Institution/Parole Region: CSATF/SP          Current Housing/Parole Unit: D1/#120

STAFF USE ONLY

_Use this form to file a complaint with the Department_

In order for the Department to understand your complaint, please answer all of the following questions:

- _What is the nature of your complaint?_ FREE EXERCISE OF RELIGION;USE OF INMATE MINISTER(S).
- _When and where did the complaint occur?_ SEVERAL MONTHS;INSTITUTION'S CHAPLAIN VACANCY(ISLAM).
- _Who was involved?_ T.CISNEROS,WARDEN; CDW; ISLAMIC COMMUNITY(UMMAH) OF SATF-D; CHAPLAIN'S.
- _Which specific people can support your complaint?_ SATF-D IMMAM; SATF-D STAFF; RUC/AVSS (SATF-D).
- _Did you try to informally resolve the complaint?_ YES, VERBALLY.
- _What rule or policy are you relying on to make your complaint?_SEE SECTION III. OF THIS DOCUMENT.
- _What specific action would resolve your complaint?_ MEMORANDUM BE GENERATED WITH GUIDANCE FOR STAFF AND INMATES OF "ISLAMIC" FAITH FOR THE ISSUES PRESENTED HEREIN WITH REMEDY.

NOTE: _Attach documents that help support your complaint (identify the documents if you do not have them)._

**I.. STATEMENT OF CLAIMS FOR RELIEF:**

NOTICE IS HEREBY GIVEN: Kathleen Allison,SECRETARY OF CDCR;ET AL.,Claimant, after transfer
of I/M PADILLA #P14026, was appointed by Iman Ayub Haroun,ISLAMIC CHAPLAIN", as the ISLAMIC
COMMUNITY of Inmates/Prisoners on SATF-D "Inmate Minister" known as the "Amir". This app-
-ointment can be readily confirmed by Iman Haroun and any of the practicing Moslems/Muslims
(hereon MSLM's) on SATF-D. It is this Claimant's Ecclesiastical Duty as Amir act as Minister,
teach Ta'lim, teach the rules of salaat, provide spiritual counseling to the Ummah, minister
to the Din of Allah, maintain order within the Ummah with access to and communication with
ALL practicing MSLM's despite any "sectular" differences which may be present, educate and
inform Staff, Administrators and others of the Ecclesiastical duties, obligations, functions,
conduct and character of active/participating/practicing members of THIS Ummah on SATF-D; etc.
Claimant is constructively denied/deprived the FREE EXERCISE of Islam and his Ecclesiastical
duties and obligations as Amir to his Ummah. Claimant has no ability to minister to his
Ummah, prepare and educate his Ummah regarding this upcoming RAMADAN, counsel and advise his
Ummah regarding Religious and Spiritual challenges his Ummah is facing, restore order within
his Ummah, or provide ANY FUNCTIONS MANDATED BY THE HOLY QURAN, STATE AND/OR FEDERAL LAWS;
Title 15/DOM consistent with a "RELIGIOUS PROGRAM". Since the on-set of COVID, Religious Pro-
-gramming has been met with voluminous challenges and resistance. With the SATF-D-CHAPEL....

Incorporated by reference into CCR Title 15 section 3190.

| Item Description<br><br>With additional requirements and restrictions | General Population | | | ASU/<br>PSU SHU |
|---|---|---|---|---|
| | PRIVILEGE GROUP | | | |
| | A | B | C | D |
| ALTAR CLOTH - Maximum size 24" x 24". One item per inmate. White, gray, or multicolored. | 1 | 1 | 1 | 0 |
| ASSORTED HERBS - Mint, Cedar, Lavender, Sweet Grass, Sage, Bitterroot, Copal, Willow Leaves, Bear Root, and Sandalwood. Combined total quantity limited to four ounces or less at any time. | 4 OZ | 4 OZ | 4 OZ | 0 |
| BEADED HEAD BAND, WRIST BAND, AND CHOKER - Shall be multicolored. One of each item per inmate. | 1 | 1 | 1 | 0 |
| BEADING MATERIALS - Beads may be wood, plastic, or natural material (i.e. stone, bone, seed, etc.) no larger than ¼" in diameter. Total quantity limited to 12 hanks. Finished items shall be multi-colored. Sinew or String in rolls no greater than 50 feet in length. Needles, limited to 2 per inmate, size 10 and or 12. Any misuse of beading materials may result in loss of this privilege. | 12 | 12 | 12 | 0 |
| BOWLS /CHALICE - 4" diameter wood or plastic. | 2 | 2 | 2 | 0 |
| CHALK - Limited to one box containing 12 sticks of white non toxic chalk. | 1 | 1 | 1 | 0 |
| RELIGIOUS MEDALLION AND CHAIN – Chain Sinew Leather not to exceed 24" in length, medallion (i.e. Thor's Hammer, Pentagram, Crucifix, Star of David, etc.) shall not exceed 1.5" in diameter, obtainable as a set only, value not to exceed $100. One set per inmate. | 1 | 1 | 1 | 1 |
| DEVOTIONAL SCAPULAR – Cloth only, not to exceed 2" x 2". | 1 | 1 | 1 | 0 |
| DREAM CATCHER - Sinew simulated sinew hoop shall not exceed 4". | 1 | 1 | 1 | 0 |
| FEATHERS - Bird feathers are allowed up to a maximum length of 16". Feathers from an eagle may be obtained only via the U.S. Department of the Interior. | 12 | 12 | 12 | 0 |
| HEAD GEAR – Males - Including, but not limited to: Yarmulke (kippah), Kufi, Bandana, Fez, Patka, Rastafarian Crown. Maximum size 24" x 24". Two per inmate. White, gray, or multicolored (no red or blue). | 2 | 2 | 2 | 2 |
| HEAD GEAR – Females - Including, but not limited to: Scarf, Hijab, Bandana. Maximum size 44" x 66". Two per inmate. White, gray, or multicolored (no red or Blue). | 2 | 2 | 2 | 2 |
| MEDICINE BAG - Shall not exceed 2" x 3". Soft leather or other natural material without a liner. | 1 | 1 | 1 | 0 |
| MISWAK - Small twig, not to exceed 7½", used for oral hygiene. | 2 | 2 | 2 | 0 |
| POWDERS - (Drawing powder) Limited to eggshell powder. Total quantity limited to four ounces or less at any time. | 4 OZ | 4 OZ | 4 OZ | 0 |
| PRAYER BEADS - e.g., Mala, Dhikr, or Rosary. Wood, plastic, or natural material (i.e. stone, bone, seed, etc.). Chain, Sinew, or String not to exceed 24". Not to exceed $25.00 in value. | 1 | 1 | 1 | 1 |
| PRAYER/HOLY CARDS/DEITY PHOTOS - Not to exceed 4" x 6". | 10 | 10 | 10 | 0 |
| PRAYER OIL - (Non alcoholic non flammable oil). Allowable fragrances include: Kyphi, Frankinmyrrh, Sage, Cedar, Musk (any), Lavender, Sandalwood, and Rose. Combined total quantity limited to four ounces or less at any time. | 4 OZ | 4 OZ | 4 OZ | 0 |
| PRAYER RUG /MAT - 28" x 48" or smaller, not to exceed ¼" thick. Rug may be multicolored (no red or blue). | 1 | 1 | 1 | 1 |
| PRAYER SHAWL/SCARF (i.e., Tallit, Khatas, etc.) – White or light gray only (may have decorative embroidery trim and/or tassels). | 1 | 1 | 1 | 1 |
| RUNE TILES/ SHELLS – Runes/shells shall not to exceed ¾" x ¾". One set per inmate with instruction book. Set shall not exceed 25 pieces. Runes shall be wood, plastic, or natural material (i.e. bone, stone, etc.) | 1 SET | 1 SET | 1 SET | 0 |
| SEA SALT - White or black. Combined total quantity limited to four ounces or less at any time. | 4 OZ | 4 OZ | 4 OZ | 0 |
| STONES - Set of 5, no larger than 1" in diameter, or set of 10, no larger than ½" in diameter. | 1 SET | 1 SET | 1 SET | 0 |
| TALLIT KATAN/TSITSIT- Worn under one's shirt. White or light gray only. | 1 | 1 | 1 | 1 |
| TAROT/DIVINATION/RUNECARDS - One set deck per inmate. | 1 SET | 1 SET | 1 SET | 0 |
| TEFILLIN/PHYLACTERIES - Purchase value not to exceed $300.00. | 1 | 1 | 1 | 0 |
| WAND - Soft wood, not to exceed 7½" long by ½" wide. If soft material is unavailable a pliable twig may be utilized. | 1 | 1 | 1 | 0 |

ATTACHMENT D

# CDCR APPROVED INMATE RELIGIOUS VENDORS
## Third Quarter 2020

Access Securepak
P.O. Box 50028
Sparks, NV 89435-0028
(800) 546-6283
www.californiaqp.com
www.accesscatalog.com

Afikomen Judaica
3042 Claremont Ave
Berkeley, CA 94705
(510) 655-1977
www.afikomen.com

Autom
5226 South 31st Place
Phoenix, AZ 85040
(800) 521-2914
www.autom.com

Crescent Imports LLC
PO Box 721
Union City, CA 94587
(734) 665-3492
www.crescentimports.com

Drumbeat Indian Arts
4143 N 16th St
Phoenix, AZ 85016
(602) 266-4823
www.drumbeatindianarts.com

Eagle Feather Trading Post
168 W. 12th Street
Ogden, UT 84404
(801) 393-3991
www.eaglefeathertrading.com

Earth Culture Roots
P. O. BOX 3137
VISTA CA 92085
(760) 295-1280
www.earthcultureroots.com

Garden of Fragrance (SD)
1960A 54th Street
San Diego, CA 92105
(619) 527-1307
www.gardenoffragrance.com

Garden of Fragrances (NY)
8 West 37th St
New York, NY 10018
(212) 279-4474 Phone
(212) 279-4471 Fax
www.gofragrances.com

Indira Imports
227 E. 11th Street
Los Angeles, CA 90015
(213) 749-4449
www.indirainmate.com

Islamic Bookstore
3918 Vero Rd. Ste. I
Baltimore MD 21227
(410) 675-0040
www.islamicbookstore.com

Jewish Supply (Aleph Institute)
9540 Collins Ave
Surfside, FL 33154
(305) 864-5553
www.jewishsupply.com

National Eagle Repository
6550 Gateway Road, Building 128
Commerce City, Colorado 80022
(303) 287-2110
www.fws.gov/eaglerepository

NOC Bay Trading Company
1133 Washington Ave.
PO Box 295
Escanaba, MI 49829
(906) 789-0505
www.nocbay.com

Prime Products USA, Inc
45 Germany Drive
PO Box 6588
Wilmington, DE 19804
(302) 528-3866
www.oilsforreligiousservices-california.com
www.oilsforreligiousservices-hispanic.com

# CDCR APPROVED INMATE RELIGIOUS VENDORS
## Third Quarter 2020

Righteous Kingdom
8334 Lincoln Blvd
Los Angeles, CA 90045
(310) 893-5708
https://righteouskingdombooksandthings.com

Sioux Trading Post (Prairie Edge)
PO Box 8303
606 Main St.
Rapid City, SD  57701
(800) 456-3394
www.siouxtrading.com

Sunna Scents LLC
PO Box 371382
Las Vegas, NV  89137
(702) 613-9624
www.sunnascents.com

Taj Mahal Imports
5454 Crenshaw Blvd
Los Angeles, CA 90043
(323) 295-5512
https://tajinmatepackage.com/

Union Supply Direct
Dept. 100, P.O. Box 9018
Rancho Dominguez, CA 90224-9018
(866) 404-8989
www.CaliforniaInmatePackage.com

Wakeda Trading Post
PO Box 1508
Oakdale, CA 95361
(209) 848-0500
www.wakeda.com

Walkenhorst's
445 Ingenuity Ave
Sparks, NV 89441
(800) 660-9255
FAX: (707) 261-4020
Email: info@walkenhorsts.com
www.walkenhorsts.com

World Tree Publications
PO Box 961
Payson, AZ 85547
928-474-1010
www.asatru.org

Notes:
1. This Religious Vendor List is comprised of vendors who sell items as listed on the Religious Personal Property Matrix (RPPM), per Title 15, section 3190(k)(4).
2. Vendors of religious texts, (ie. Bible, Koran, books, etc.) not need to be included in this list.  Inmates may receive publications from any publisher, book store or book distributor that does mail order business, as per Title 15, section 3190(k)(7).
3. Third Quarter list is the most current as of 7/8/2020. List contains religious vendors who are in good standing with the department.

<u>PROOF OF SERVICE BY MAIL</u>
<u>(AFFIDAVIT)</u>

<u>NOTICE!</u>

I, Joe Alfred Taylor-El, III, am the Sui Juris, Attorney-in-Fact – Principal , who is over the age of 18, a party to the pending matter, currently being held, against my will, in the custody of the Secretary of Corrections (Director of CDCR of _____CSATF/SP_____ in _____Corcoran_____ California.

On ___3___ / ___6___ / ___2022___ , I deposited a true copy of:

(1) INMATE MEMORANDUM IN RE.: **FAILURE TO PROVIDE RELIGIOUS PROGRAM AND RELIGIOUS PROGRAM ACTIVITIES (Ref. SATF-OOG Log# 227362, 217544, 212442, etc.)**

into an envelope as (**(CONFIDENTIAL/REGULAR)** mail with postage (**fully paid/provided**) and delivered it to an authorized employee of the CDCR for inspection, collection, and processing through the outgoing (**CONFIDENTIAL/REGULAR**) mail to be processed by the U.S. Postal Service addressed to:

Charles Richey, CRM
RELIGIOUS OVERSIGHT UNIT
1515 'S' Street
Sacramento, CA 95811

Ricky Dela Cruz, CRM
Community Resource Office
900 Quebec Avenue
Corcoran, CA 93212

WHEREFORE, I request acknowledgement and or return receipt of the above enclosed documents

I swear and affirm to the foregoing true and correct under penalty of perjury.

Executed on ___3___ / ___6___ / ___2022___ in _____Corcoran_____ , California.

cc: File

In Peace, I. S.L.A.M.

Joe Alfred Taylor – El, III
c/o BK2129
Attorney-in-Fact Principal
AFFIANT/DECLARANT

# EXHIBIT COVER PAGE

9

EXHIBIT

Description of this Exhibit:

• SUCCESIVE (2ND) NOTICE TO CRM's
IN RESPONSE TO RICHEY'S CORRESPONDENCE

Number of pages to this Exhibit: ___5___ pages.

JURISDICTION:   (Check only one)

☐ Municipal Court
☐ Superior Court
☐ Appellate Court
☐ State Supreme Court
☑ United States District Court
☐ State Circuit Court
☐ United States Supreme Court
☐ Grand Jury

STATE OF CALIFORNIA                                      DEPARTMENT OF CORRECTIONS AND REHABILITATION

MEMORANDUM                                                              Page 1 of 2

Date:        March 28,2022

To:          Charles Pichev, CRM
             R.DeLa Cruz,CRM

Subject:     FAILURE TO PROVIDE RELIGIOUS PROGRAM AND RELIGIOUS PROGRAM ACTIVITIES
             (Ref. SATF-OOG Log#227362, 217544, 212442, etc.)

PLEASE TAKE NOTICE this correspondence is in response to your 3/23/2022
correspondence received in a CDC 805 - U SAVE 'EM envelope without postage on
March 28,2022 at SATF-D2/#226. It is my most humble intention to provide some
clarification into the contents of my original correspondence to you dated
March 6,2022 and to obtain guidance pending the Muslim/Mosler(MSLM) Community
(Ummah) participation in the obligatory 'Fasting of Ramadan', etc.

BE ADVISED, I DID NOT introduce myself outside of being the ISLAMIC LIAISON &
PARALEGAL with my signature firmly affixed as such. The Amir, appointed in his
ecclesiastical right by Imam Ayub Haroum, Demetrius L. Pell(AM7549) firmly
affixed his signature as such. This should clear up any confusion as to whom
is the Amir as recognized by the Urnah of SATF-D.(" You also introduce yourself
as the Amir of the Islamic Inmate Community (Ummah).", March 23,2022 correspond-
-ance from Charles Pichev)

In your correspondence you state,"However, as a least restrictive means, the
Outside Religious Grounds (ORG) facilities is available for scheduling by all
faith groups for inmate lead services and activities.", yet this has not been
the case for many consecutive months; hence the filing of CDCR 602-1 by Maliki
Green Jr.(Log#212442) followed by individual CDCR 602-1 by Joe Taylor-El III
(Log#217544) followed by individual CDCR 602-1 by Demetrius Pell(Log#227362).

It is believed the scheduling of any religious services to be recognized by
Staff and Administrators on Facility D would have to come from the Chaplains
and/or the Institution's Community Resource Manager(CRM). No scheduling or list
constructed by inmates are honored. It would appear as a ministerial duty, the
scheduling for Jumu'ah(Friday) Services would continue despite any Chaplain
vacancies within the institutions. Pursuant to DOM 101060.6 the 'Chaplains'
are specifically obligated and "..shall be responsible for: •Organizing,
scheduling, and conducting the worship services.." DOM 101060.6.1 mandates
"Reasonable time for religious services,...shall be allowed."

More specifically, DOM 101060.6.3 establishes," In the event an officially
ordained chaplain of a particular faith cannot be obtained to conduct services
within the institution for that faith, the Warden may at her discretion,...
designate a qualified inmate to minister to the religious needs of that
particular faith." It goes on to mandate," In determining the qualifications
of an inmate to conduct such services, the Warden shall, wherever possible,
seek the advise and counsel of outside religious leaders of that faith."

The language within the text of the DOM appears to promote the use of Inmate
ministers and provides a means for the appointment of such.

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Page 2 of 2

The Requests made by Demetrius Bell (II..REQUEST FOR REMEDY AND RELIEF, Log#227362) stress the importance of the Amir within the Ummah without an Imam/Islamic Chaplain at SATF-D. The vacancy of the Islamic Chaplain position at SATF-D happened over a matter of months and Imam Ayub Haroun's appointment of the Amir has never been at issue. I/M PADILLA(P14936) was the Amir for years on SATF-D prior to his transfer. Bell has simply taken his place.

Without guidance from the RELIGIOUS PROGRAMS OVERSIGHT UNIT, there will continue to be a lack of Religious Programming, no Islamic Religious Activity and Ramadan can be expected to be a disaster. We originally requested some guidance and await such from this office. The original correspondence was addressed to Charles Richey,CRM and R.Dela Cruz, CRM as is this one. We have complied with the instruction to "...send a correspondence to Community Resources Manager Ricky Dela Cruz..." and await a response.

In lieu of Ramadan, We request the RELIGIOUS PROGRAMS OVERSIGHT UNIT to provide a Memo. or Directive addressing the issues presented to it by the Ummah on SATF-D, especially with Our Amir not being recognized, No Islamic Chaplain, No Inmate Minister, No ability to schedule Islamic Services or Islamic Activities which will be honored by Staff and Admin--istrators within the Institution; ultimately throughout CDCR's jurisdiction.

Thank you for your attention in advance and may Peace be upon you!

In Honor,

Joe Alfred Taylor-El III (BK2129)          Demetrius L. Bell (AM7549)
ISLAMIC LIAISON & PARALEGAL               Amir of SATF-D Ummah
ALL RIGHTS RESERVED⁰                      ALL RIGHTS RESERVED⁰

cc: Connie Gipson,DIRECTOR
    Theresa Cisneros, WARDEN
    CAIR-Washinton (Lena Masri)
    SATF-D ISLAMIC INMATE COMMUNITY

Attached: Correspondence from Charles Richey dated 3/23/2022;

/////

ATTACHMENT

STATE OF CALIFORNIA — DEPARTMENT OF CORRECTIONS AND REHABILITATION

**OFFICE OF POLICY STANDARDIZATION**
DIVISION OF ADULT INSTITUTIONS
1515 S Street, Room 330N
Sacramento, CA 95811

GAVIN NEWSOM  GOVERNOR



March 23, 2022

Inmate Jo Taylor BK2129
D2-226
Substance Abuse Treatment Facility
900 Quebec Ave, PO Box 7100
Corcoran, CA 93212

Dear Mr. Taylor,

This letter is in response to your correspondence dated 3-6-2022, postmarked 3/9/2022 and received by the Standardized Procedures Unit on March 21, 2022. In your correspondence, you address the lack of religious programming on SATF-Facility 'D'. You also introduce yourself as the Amir of the Islamic Inmate Community (Ummah).

In response, the California Department of Corrections and Rehabilitation (CDCR) and the California Substance Abuse Treatment Facility (SATF) realize the importance of the inmate population being able to participate in religious programming. Unfortunately, access to the chapels for religious programs have been affected by the current chaplain vacancies at SATF. However, as a least restrictive means, the Outside Religious Grounds (ORG) facilities is available for scheduling by all faith groups for inmate lead services and activities.

Regarding the position of an inmate Amir being appointed by Chaplain Haroun, per Title 15, section 3211, only the institution head, aka the warden, at their discretion may approve. No chaplain has this authority to appoint inmate ministers.

Please contact the chaplain on your facility, or send a correspondence to Community Resources Manager Ricky Dela Cruz to schedule the ORG for the Jummah and Ramadan services.

DocuSigned by:

*Charles Richey*
D9F264F2J28F4B9      3/23/2022

Charles Richey
Community Resources Manager/Chaplain
Religious Programs Oversight Unit
Division of Adult Institutions

## PROOF OF SERVICE BY MAIL
## (AFFIDAVIT)

**NOTICE!**

I. Joe Alfred Taylor-El. III. am the Sui Juris. Attorney-in-Fact – Principal . who is over the age of 18. a party to the pending matter. currently being held. against my will. in the custody of the Secretary of Corrections (Director of CDCR of ___SATF___ in __Corcoran__ California.

On __3__ / __29__ / __2022__ . I deposited a true copy of:

(1) Inmate Memorandum in re.: FAILURE TO PROVIDE RELIGIOUS PROGRAM AND RELIGIOUS PROGRAM ACTIVITIES(ref. SATF-OOG Log#227350,217544,213443, etc.) Dated March 29,2022(2nd Correspondence to CDCR Executives).-

into an envelope as ((**CONFIDENTIAL/REGULAR**) mail with postage (**fully paid/provided**) and delivered it to an authorized employee of the CDCR for inspection. collection. and processing through the outgoing (**CONFIDENTIAL/REGULAR**) mail to be processed by the U.S. Postal Service addressed to:

CHARLES RICHEY, CRM
RELIGIOUS OVERSIGHT UNIT
1515 'S' Street
Sacramento, CA 95811

RICKY DELA CRUZ, CRM
COMMUNITY RESOURCE OFFICE
900 Quebec Avenue
Corcoran, CA 93212

WHEREFORE. I request acknowledgement and or return receipt of the above enclosed documents

I swear and affirm to the foregoing true and correct under penalty of perjury.

Executed on __3__ / __29__ / __2022__ in __Corcoran__ . California.

cc: File

In Peace. I. S.L.A.M.

Joe Alfred Taylor – El. III
c/o BK2129
Attorney-in-Fact/Principal
AFFIANT/DECLARANT

PROOF OF SERVICE BY MAIL

I, Haliki Green Jr., am over the age of eighteen (18), and I am/am not a party to the within action. I served the following document(s)

(1) Civil Rights Complaint By A Prisoner pursuant to 42 USC §1983.
(2) Applications To Proceed In Forma Pauperus (IFP) ;
(3) Self Addressed Stamped Envelope for Return of Conformed Copy of Original Complaint.

Upon the parties/court listed below by placing said document(s) in a sealed envelope, with postage pre-paid, and delivering said envelope to a correctional officer at my place of confinement, addressed as follows:

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
% OFFICE OF THE CLERK
2500 Tulare Street, SUITE # 1501
Fresno, CA 93721

I, Haliki Green Jr., swear under the penalty of perjury that the foregoing is true and correct. Executed this 10 day of Aug. , 2022.

Haliki Green Jr.

Declarant's signature

# UNITED STATES DISTRICT COURT
*EASTERN DISTRICT OF CALIFORNIA*
Keith Holland, Clerk

☐REPLY TO:
Office of the Clerk
501 I Street #4-200
Sacramento, CA 95814

## CLERK'S NOTICE

☐REPLY TO:
Office of the Clerk
2500 Tulare St. #1-500
Fresno, CA 93721

To: *Haliki Green, Jr.*

RE: Pleadings and/or Correspondence received on: _8/15/2022_

[ ]  **CASE NUMBER:** The Eastern District case number could not be identified for the attached filing. You must write your case number on all documents submitted to the Court.

[ ]  **COPY WORK:** The Clerk's Office will provide copies of documents (in cases 2005- present) and of the docket sheet at $0.50 per page. Checks in the exact amount are payable to "Clerk, USDC." *Please Note: In Forma Pauperis status does not include the cost of copies.*

    [ ] Your request of _____ document(s) consist(s) of _____ pages at 50¢ per page, totaling $_____
      *Certified copies are an additional $11.00 per document*

[ ]  **NAME SEARCHES:** The Office of the Clerk requires a $32.00 charge, per name, to perform a records/name search. This fee must be paid in advance by check or money order to "Clerk, USDC." The search covers 1976 to present and includes civil, criminal, miscellaneous, and magistrate judge cases.

[ ]  **CONFORMED COPIES:** The Court requires the original plus one copy of most pleadings. See Local Rule 133 (d) (2). If you wish to have a conformed copy returned to you, you must file an original plus two copies and provide the Court with a self-addressed stamped envelope with the correct postage.

[ ]  **DISCOVERY DOCUMENTS:** Pursuant to Local Rule 250.2 (c), Interrogatories, Responses and Proofs of Service shall not be filed with the Clerk of Court until there is a proceeding in which the Interrogatories, Responses, or Proofs of Service are AT ISSUE.

[ ]  **LEGAL ADVICE:** The Court cannot give legal advice.

[ ]  **EVIDENCE SUBMITTED:** The Court cannot serve as a storage for the parties' evidence. The parties may not file evidence with the Court until the course of litigation brings the evidence into question.

[ ]  **SERVICE:** The Court will notify you when it is time for service in your case.

[ ]  **CASE STATUS INQUIRIES:** The Court will notify you as soon as any action is taken in your case. Due to the large number of civil actions pending before the Court, THE CLERK IS UNABLE TO RESPOND IN WRITING TO INDIVIDUAL INQUIRIES REGARDING THE STATUS OF YOUR CASE. As long as you keep the Court apprised of your current address, you will receive all Court decisions which might affect the status of your case. If you have not submitted a document required in your case, the Court will notify you.

[ ]  **MOTIONS:** A document requesting a court order must be styled as a Motion, not a letter (see F.R.C.P 7). Letters to the judge will be disregarded.

[ ] **CHECKS SUBMITTED TO THE COURT:**
We are returning your check or money order no.: _____ for the following reason:

[ ] We have no record of your case. Please return the funds with the appropriate case number, new complaint or petition.

[ ] Your check or money order is not complete. Please return the check made payable to "Clerk, USDC" with the appropriate and exact amount for the item requested.

[ ] Your check or money order is made payable to an incorrect agency/person. Please send a new check/money order made payable to "Clerk, USDC"

[ ] The Clerk's Office is not able to accept post-dated or altered checks. Please return payment made with appropriately dated and/or unaltered check or money order.

[ ] Our records indicate this attorney was admitted to practice in our district on _____. You will need to go to our website www.caed.uscourts.gov and complete the attorney registration form to have a new log in and password sent to you.

[ ] **REQUESTED FORMS:**

[ ] Our court does not have the forms you are requesting.

[ ] Pursuant to Standing Order of the Chief District Judge entitled "In Re: Procedural Rules for Electronic Submission Of Prisoner Litigation Filed By Plaintiffs Incarcerated at [Selected Institutions]", your institution participates in the E-Filing Procedure Program, therefore, your new case will need to be electronically filed. You will need to contact your Law Library to obtain procedures.

[ ] **DOCUMENTS NOT SUBMITTED IN ENGLISH:** All documents submitted must be written in English. Documents submitted in a language other than English cannot be translated.

**E-FILING:** Pursuant to Standing Order of the Chief District Judge entitled "In Re: Procedural Rules for Electronic Submission Of Prisoner Litigation Filed By Plaintiffs Incarcerated at [Selected Institutions]", the document(s) cannot be filed because your institution participates in the e-filing filing program with the Court. **Per the Standing Order, the document(s) is(are) returned unfiled and must be filed under E-Filing procedures.** When filing documents under E-Filing procedures, please include this document ("Clerk's Notice") with the e-filing documents.

[ ] **CASE CLOSED:** Your case was closed on _____, your document(s) are being returned to you.

[ ] **OTHER:**

Thank you for your future attention to this matter.

_____          8/15/2022
Deputy Clerk                        Date