UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HALIKI GREEN, JR., <br><br> Plaintiff, <br><br> v. <br><br> THERESA CISNEROS, ET. AL., <br><br> Defendants. | Case No. 1:22-cv-01072-ADA-HBK (PC) <br><br> ORDER DENYING PLAINITFF'S MOTION FOR PERMISSIVE JOINDER <br><br> (Doc. No. 7) |

Pending before the Court is Plaintiff Hailiki Green, Jr's pleading titled "Notice to Clerk of Parties to Complaint Not Reflected in Court's Document Titled: First Informational Order in Prisoner/Civil Detainee Civil Rights Case filed 8/26/2022; Request for Correction" construed as a motion for permissive joinder filed on September 23, 2022.  (Doc. No. 7).  Plaintiff, who is confined at the California Substance Abuse Treatment Facility ("CSATF"), initiated this action by filing a civil rights complaint under 42 U.S.C. § 1983 raising six claims for relief.  (*See generally* Doc. No. 1).   The Complaint alleges the California Department of Corrections and Rehabilitation systemically disfavors Muslim prisoners and their spiritual needs violating the First and Fourteenth Amendments, the Religious Land Use and Institutionalized Persons Act, and California Constitution Article I § 4.  (*Id.* at 4).

Plaintiff notes the Clerk of Court identified the named defendants on the docket but did not correctly identify "et. al." for the Plaintiffs.  (Doc. No. 7 at 1-2).  In other words, Green

1  clarifies that more than one Plaintiff seeks to proceed in this action and requests the docket be
2  corrected to reflect same. (*Id.*). A review of the Complaint confirms it identifies "Hailiki Green,
3  Jr., Joe Alfred-Taylor, and et. al." as Plaintiffs. (*See* Doc. No. 1 at 1). Both Plaintiffs signed the
4  Complaint. (*Id.* at 23).

5  Federal Rule of Civil Procedure 20(a) permits the joinder of plaintiffs in one action if: (1)
6  the plaintiffs assert any right to relief arising out of the same transaction, occurrence, or series of
7  transactions or occurrences; and (2) there are common questions of law or fact. If the test for
8  permissive joinder is not satisfied, a Court, in its discretion, may sever the misjoined parties, so
9  long as no substantial right will be prejudiced by the severance." *Coughlin v. Rogers*, 130 F.3d
10 1348, 1350 (9th Cir. 1997) (internal citations omitted); *see* Fed. R. Civ. P. 21 ("Misjoinder of
11 parties is not a ground for dismissing an action. On motion or on its own, the Court may at any
12 time, on just terms, add or drop a party. The Court may also sever any claim against a party.").

13 Plaintiff's construed motion for permissive joinder must be denied. First, a non-lawyer
14 has no authority to appear for others than himself. *Johns v. County of San Diego*, 114 F.3d 874,
15 877 (9th Cir. 1997) (quoting *C.E. Pope Equity Tr. v. United States,* 818 F.2d 696, 697 (9th Cir.
16 1987)). Thus, Plaintiff Green cannot represent any other plaintiff inmates in this action. Further,
17 actions brought by multiple prisoners proceeding pro se present unique problems not presented by
18 ordinary civil litigation. For example, transfer of one or more plaintiffs to different institutions or
19 release on parole, as well as the challenges to communication among plaintiffs presented by
20 confinement, may cause delay and confusion. Further, the interplay of the filing fee provisions in
21 the Prison Litigation Reform Act of 1995 ("PLRA") suggests that prisoners may not bring a
22 multi-plaintiff action and must instead proceed separately. To proceed with a civil action, each
23 plaintiff must pay the $400 filing fee required by 28 U.S.C. § 1914(a) or request leave to proceed
24 *in forma pauperis* and submit the affidavit and trust account statement required by 28 U.S.C. §
25 1915(a). The PLRA expressly requires that a prisoner, where proceeding *in forma pauperis*, pay
26 the full amount of the filing fee. 28 U.S.C. § 1915(b)(1). This provision reflected Congress's
27 intent to reduce the volume of frivolous prisoner litigation in the federal courts. *Hubbard v.*
28 *Haley*, 262 F.3d 1194, 1196-97 (11th Cir. 2001); *see also Oliver v. Keller*, 289 F.3d 623, 627-28

1  (9th Cir. 2002).  In order not to undermine the PLRA's deterrent purpose, courts have agreed that
2  prisoner-plaintiffs who proceed together in one action must each pay the full filing fee.  *See*
3  *Boriboune v. Berge*, 391 F.3d 852, 855-56 (7th Cir. 2004); *Hubbard*, 262 F.3d at 1197-98.
4  However, 28 U.S.C. § 1915(b)(3) provides that "in no event shall the filing fee collected exceed
5  the amount of fees permitted by statute for the commencement of a civil action."  If multiple
6  prisoners were allowed to proceed in the same action and each were required to pay the full filing
7  fee as mandated by § 1915(b)(1) and intended by Congress, the amount of fees collected would
8  exceed the amount permitted by statute for commencement of the action in violation of §
9  1915(b)(3).

10      To avoid the problems related to case-management and filing fees, the Court denies
11  permissive joinder of Joe Alfred-Taylor, et. al., as co-plaintiffs in this action.  Each inmate
12  plaintiff may proceed with their own claims in separate actions.  *See DirecTV, Inc. v. Leto*, 467
13  F.3d 842, 846 (3d Cir. 2006) (claims that are severed rather than dismissed may continue in a
14  separate suit to avoid statute of limitations barrier that might arise in event of dismissal).  The
15  Court can then consolidate the cases for procedural purposes and judicial efficiency if the Court
16  deems it appropriate.  A screening order will issue in due course on the Complaint filed in this
17  action.

18      Accordingly, it is **ORDERED**:

19      Plaintiff's construed motion for permissive joinder (Doc. No. 7) is DENIED.

20

21  Dated:   November 19, 2022

22                                    HELENA M. BARCH-KUCHTA
                                  UNITED STATES MAGISTRATE JUDGE